The Chief Justice
delivered the opinion of the court.
This is a bill filed, to .compel'a specific performance of a verbal agreement for the sale and conveyance of land. The bill alleges that the complainants (appellees) conveyed to appellant one hundred acres of land; and in consideration of such conveyance appellant agreed, verbally, to convey to Mrs. Price, one of the complainants, a certain forty acre.s described in the bill, but that appellant afterwards refused to convey to her the forty acres. The bill then prays that appellant may be decreed to execute a deed according to. his agreement. There is no allegation that appellant put complainant, in possession of the land, or that they have been in possession, or that they have made any outlay or improvements on'the land described.
After answer and replication, testimony was taken by both parties and a decree was entered directing appellant to convey the land as prayed and that he pay the costs.
From this decree an appeal is taken.
Without reference to the testimony, and upon the statements of the bill alo'ne, the prayer should have been refused.
Payment of the consideration or purchase price of land upon a parol agreement to convey, is not sufficient to take the case out of the statute of frauds.
This doctrine was so fully considered in Tate vs. Jones, 16 Fla., 216, that we will only refer to that case for the rule upon this question. If the consideration was paid and nothing else was done toward carrying out the verbal contract, the purchaser can only have a remedy at law to recover-the purchase money.
The decree is reversed and the bill must be dismissed with costs.