**ERNEST BRUCE WOMACK and ATHA SPARKS WOMACK, his wife, v. THE MADISON DRUG CO.**

20 So. (2nd) 256                                     June Term, 1944
December 15, 1944                                          Division B
Rehearing denied January 18, 1945

*Donald C. McMullen & Sons,* for petitioners.

*R. J. Potter,* for respondent.

SEBRING, J.:

The petitioners bring certiorari to review an interlocutory order of the circuit court denying their motion to dismiss the respondents' bill of complaint. The bill of complaint alleges in substance that the petitioner, Ernest Bruce Womack, who is one of the defendants below, was employed by the Madison Drug Co. While so employed Womack became interested in buying a home. To aid him in the venture the plaintiff, The Madison Drug Co., became an accommodation indorser upon a $2000.00 note made by Womack to the First National Bank of Tampa, by means of which Womack procured $2000.00 from the bank to purchase a home. By the terms of the note the loan was to be repaid to the bank by Womack, as maker, in installments of $48.33 each month. The property was purchased by Womack with the $2000.00 procured from the bank. Title to the property was taken in the names of Ernest Bruce Womack and Atha Sparks Womack, his wife. After purchase of the property Womack made only four monthly payments to the bank on the loan. Thereafter he discontinued meeting the payments. By reason of its endorsement The Madison Drug Co. was compelled to make payments on the note to the bank for six monthly payments. The defendant, Ernest Bruce Womack, is now in the United States Merchant Marines. It was orally agreed betwen the parties that if the defendants found themselves unable to make the payments on the note they would give plaintiff, The Madison Drug Co., a mortgage to the property that they had purchased with funds obtained from the bank. Although demand has been made after default in payments, the defendants refuse to execute the mortgage. Both defendants are at this time gainfully employed and are well

able to make the monthly payments. The plaintiff has no remedy at law for the reason that the defendants have no other assets upon which a levy could be made if a judgment was obtained against them.

The prayer of the bill is that the defendants be decreed to hold the property in trust for the protection of the plaintiff or that the defendants be required to specifically perform the agreement to execute a mortgage on the property to the plaintiff.

We find nothing in the allegations of the bill of complaint from which a resulting trust may be implied. The fact that Womack was employed by the plaintiff below at the time it became indorser on the note to the bank by which Womack procured the purchase money did not create a fiduciary relation between the parties. The money that went into the purchase price of the property was money belonging to Womack, even though it was procured from the bank as the result of the accommodation indorsement of the note by the plaintiff. The alleged agreement between the parties to the effect that if the defendants found themselves unable to make payments on the note they would give plaintiff a mortgage on the property, is entirely too indefinite upon which to bottom a trust, even if otherwise a resulting trust could be implied; for when the allegations of the bill of complaint are construed most strongly against the pleader—as must be the case when the pleading is tested by appropriate motion—the agreement to give such a mortgage was not entered into until long after the money had been procured from the bank and title to the lands had passed from the grantor to the defendants. Even if this were not so, the complaining party's indorsement of the note was a separate and independent contract with a person not the grantor to discharge the note in the event the maker did not pay.

A resulting trust must arise, if at all, at the instant the deed is taken and the legal title vests in the grantee. The complaining party must have paid his share of the purchase price, or bound himself to the grantor by an absolute obligation to pay it. No oral agreement, and no payments made after the title is taken will create a resulting

trust, unless the transaction is such at the moment the title passes that a trust will result from the transaction itself. In our view, the transaction here brought in question, as the same is made to appear by the allegations of the bill of complaint, was not sufficient to raise a trust in favor of respondent.

The averments of the bill of complaint are too indefinite to show a case for specific performance. Although jurisdiction may exist in a proper case to enforce an agreement to give a mortgage on land, it is a rule of law so well settled as to need no citation of authority that before the courts will grant specific performance of such a contract it must be made to appear that the contract is clear, definite and certain in all of its essential terms, conditions and provisions. The bill of complaint in the present case does not meet this fundamental requirement.

The writ of certiorari is awarded and the order denying the motion to dismiss the bill is quashed with directions that an order be entered in the court below granting the motion to dismiss the bill of complaint without prejudice to the rights of the plaintiff below to apply to the trial court for leave to amend the bill to conform with law.

It is so ordered.

BUFORD, C. J., BROWN and THOMAS, JJ., concur.