145 So.2d 495 (1962)
Rose Marie NEVEILS, Appellant,
v.
N.C. THAGARD, Jr., Appellee.
No. D-214.
District Court of Appeal of Florida. First District.
October 4, 1962.
Clark & Crider, Jacksonville, for appellant.
J. Ray Permenter, Jr., Jacksonville, for appellee.
WIGGINTON, Judge.
Defendant has appealed from a final judgment rendered by the trial court sitting as a judge of both the law and the facts. The principal point on appeal involves the application of the Statute of Frauds.
Appellee, as plaintiff, brought this action at common law for recovery of damages. The count of the complaint on which the case went to trial alleges in substance that the defendant, a married woman, offered to sell to plaintiff and plaintiff agreed to purchase from her a parcel of real property described in the complaint for the total purchase price of $750.00; that pursuant to the terms of this agreement plaintiff paid to defendant the entire purchase price but defendant failed and refused to deliver plaintiff title to the property. Damages were prayed in a sum in excess of $300.00.
From the allegations of the complaint it is eminently clear that the cause of action sued upon is based solely upon an express contract for the conveyance of land. Damages *496 are claimed for the alleged breach of the terms of this contract arising from defendant's failure to deliver title of the land to plaintiff in accordance with the contract provisions. Plaintiff claims damages in the amount of the purchase price paid by him and prays for judgment.
To the complaint defendant filed the defense of general denial, and as an additional defense alleged that the contract sued upon was invalid under the Statute of Frauds for the reason that it was not in writing, nor was any note or memorandum thereof signed by defendant or by any other person by her thereunto lawfully authorized.
From the complaint, and the defenses interposed thereto, the issues to be tried were the validity of the contract declared upon by plaintiff; whether there had been a breach of such contract, and if so, the amount of damages suffered by plaintiff as a result of such breach.
The evidence adduced at the trial, viewed in a light most favorable to the plaintiff in whose favor the judgment was rendered, reveals that defendant purported to own an interest in the land described in the complaint, which interest she had acquired by a quitclaim deed from her predecessor in title. After inspecting what was assumed to be the property involved herein, plaintiff offered to purchase defendant's interest for the sum of $750.00. In response to this offer defendant agreed to convey to plaintiff by quitclaim deed whatever interest she held under the deed received by her from her grantor. The entire agreement between the parties was oral, and no note or memorandum thereof in writing was signed by either of the parties, nor by anyone authorized to act in their behalf. A quitclaim deed was prepared in the office of plaintiff which incorporated the exact description contained in the deed received by defendant from her grantor. This quitclaim deed was executed and acknowledged by defendant, a married woman, without the joinder of her husband. Plaintiff accepted the deed so prepared and executed and in return therefor paid defendant the agreed purchase price of $750.00.
The uncontradicted proof adduced at the trial established without dispute that the description contained in the quitclaim deed given by defendant was so defective as to amount to a nullity. The evidence is also undisputed that at the time defendant executed and delivered the deed she was a married woman, and that her husband did not join her in the conveyance. In his memorandum filed in the cause the trial judge found that because of the defective description contained in the deed delivered by defendant, and because of the non-joinder of her husband in the conveyance, the instrument was a nullity. The court found that it was the intention of the parties that defendant convey to plaintiff a particular parcel of land, and not merely execute an instrument entitled "quitclaim deed".
The trial court further found that plaintiff's right to recover the purchase price of the property paid by him was not barred by the Statute of Frauds for the reason that plaintiff was not attempting to enforce the oral contract, but was merely attempting to recover money paid pursuant thereto. Upon these findings and conclusions a judgment in favor of plaintiff in the sum of $750.00 was rendered.
As stated in the foregoing part of this opinion, plaintiff's cause of action for damages as alleged in his complaint is predicated solely and exclusively upon an express contract concerning a conveyance of an interest in land. His right to recover depended upon establishing the validity of the contract sued upon. The issue with respect to liability depended upon the establishment of a valid contract between the parties, and a breach thereof by defendant which resulted in damages to plaintiff. The evidence reveals without dispute that the contract alleged in the complaint was oral, and no note or memorandum thereof in writing was signed by defendant.
*497 The Statute of Frauds, in pertinent part, provides that no action shall be brought upon any contract for the sale of lands unless the agreement or promise upon which such action shall be brought or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by him thereunto lawfully authorized.[1] Upon the undisputed proof adduced at the trial the contract sued upon by plaintiff, and on which his right of recovery depended, was in direct contravention of the Statute of Frauds and wholly unenforceable. The principal issue framed by the pleadings filed in the cause involved the validity of this agreement. Unless it was valid, the plaintiff was precluded from recovery. The trial judge erred in concluding under the issue made by the pleadings in the case that plaintiff was making no attempt to enforce the oral contract, and that his right to recovery was not dependent upon its validity. Indeed, the alleged breach for which damages were prayed was failure of defendant to deliver plaintiff title to the real estate in accordance with the contract. The contract being unenforceable, plaintiff's right to recovery because of an alleged breach thereof could not be sustained.[2]
Appellee insists that the judgment appealed should be affirmed upon the established principle of law that if there be a contract which is void for want of writing under the Statute of Frauds, from the part performance of which by the plaintiff the defendant derives a benefit, the latter is liable, not upon the agreement, but upon quantum meruit to the extent of the benefit received. This is the rule pronounced by the Supreme Court in the early case of Mills v. Joiner[3], which followed the principle previously announced in the earlier cases of Price v. Price[4] and Tate v. Jones[5]. It is acknowledged that the principle urged by appellee is sound and has been consistently adhered to in subsequent decisions rendered by the appellate courts of this state.[6] The same principle has been adopted by the federal court in a cause of action arising in Florida.[7]
The principle of law on which appellee relies and which was the basis of the judgment entered by the trial court in this case, is applicable only where the cause of action is one in general assumpsit on the theory of quantum meruit. Such actions are upon an implied contract or obligation created by law. Had the plaintiff in this case brought his action in general assumpsit seeking recovery on quantum meruit based upon an implied promise by defendant to repay the amount of the purchase price for which nothing of value was given in return, the judgment may have been sustainable under the above discussed principle of law. Such was not done, but on the contrary plaintiff elected to rely upon a cause of action which, according to the allegations of his complaint, is based solely upon an express contract which is unenforceable under the Statute of Frauds. express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleadings. This rule permits amendment of pleadings to be made either during or after trial so as to cause them to conform to the evidence.
Rule 1.15, Rules of Civil Procedure, 30 F.S.A., provides that when issues not raised by the pleadings are tried by the
*498 In the case now reviewed plaintiff made no motion at any stage of the proceedings for permission to amend his complaint so as to seek recovery in general assumpsit based on the theory of quantum meruit. The evidence which he adduced at the trial was wholly consistent with his claim for damages arising out of the breach of an express contract. At her earliest opportunity defendant objected to the plaintiff's right to judgment by a motion for a directed verdict on the ground that a contract claimed to have been breached and for which damages are sought was unenforceable under the Statute of Frauds. There is nothing in the record from which it can be reasonably inferred that the issue concerning plaintiff's right to damages on the theory of quantum meruit was tried either by the express or implied consent of the parties. For these reasons Rule 1.15 may not be relied upon to sustain the judgment appealed.[8] As stated by the Supreme Court in the Cortina case: "It is fundamental that a judgment upon a matter entirely outside of the issues made by the pleadings cannot stand; and where, as here, an issue was not presented by the pleadings nor litigated by the parties during the hearing on the pleadings as made, a decree adjudicating such issue is, at least, voidable on appeal."[9]
The judgment appealed is accordingly reversed and this cause remanded for further proceedings. Upon the going down of our mandate appellee shall be allowed a reasonable time within which to file a motion for permission to amend his complaint so as to properly allege a cause of action in accordance with the views expressed herein, if he is so advised.[10]
Reversed.
CARROLL, DONALD K., C.J., and RAWLS, J., concur.
NOTES
[1] F.S. Sec. 725.01, F.S.A.
[2] Williams v. Faile, (Fla.App. 1960) 118 So.2d 599; Canell v. Arcola Housing Corp., (Fla. 1953) 65 So.2d 849; Elsberry v. Sexton, 61 Fla. 162, 54 So. 592.
[3] Mills v. Joiner, (Fla. 1884) 20 Fla. 479.
[4] Price v. Price et us., (Fla. 1880) 17 Fla. 605.
[5] Tate v. Jones, (Fla. 1877) 16 Fla. 216.
[6] Riviera Printing Company v. Hessler's Inc., (Fla.App. 1959) 109 So.2d 778; Todd et ux. v. Hyzer, (Fla. 1944) 18 So.2d 888.
[7] Minsky's Follies of Florida Inc. v. Sennes, (CCA 5th 1953) 206 F.2d 1.
[8] Edwards v. Young, (Fla.App. 1958) 107 So.2d 244.
[9] Cortina v. Cortina, (Fla. 1957) 98 So.2d 334.
[10] Riviera Printing Company v. Hessler's Inc., see note 6.