McNULTY, Judge.
Abe Narnia sued Austin Construction Company for commissions allegedly due. The case was pleaded and tried on the theory that an express contract existed between Abe and Austin, pursuant to which Austin expressly agreed to pay Abe $5,000.-00 for services alleged to have been fully performed.
Notwithstanding that the case was pleaded and tried on express contract, as aforesaid, the lower court, sitting without a jury, awarded Abe the sum of $1,800.00 and interest. The trial judge apparently predicated his judgment on quantum meruit; and, further, apparently decided the case on some theory of quasi-contract. There is no evidence in the record which would support any thory of the case except express contract, and no evidence upon which a quantum meruit award could be made. Austin appeals such judgment, and Abe cross-appeals. Each agrees that the judgment should be reversed, and that Abe is either entitled to $5,000.00 on the express *37 agreement of Austin to pay such amount, or he is entitled to nothing.
It would thus appear, at first blush, that we are in the happy position of having both sides agree on how the case should be disposed of. But Abe insists that we should direct the trial court to enter a judgment in his favor for $5,000.00, as prayed for, while Austin deems it appropriate that we direct the lower court to enter judgment for the defendant. If the findings of the trial judge were clear as to what he found in regard to the existence vel non of the express agreement to pay $5,000.00, our task would be simple. However, we cannot determine, from this record, the precise findings of the court on this point.
The trial court obviously found that some contractual relationship existed between the parties, and that at least partial performance by Abe was proven. Nowhere, though, can we find that the court determined either that Abe fully performed his part of the contract, or, if so, whether Austin agreed to pay him $5,000.00 therefor. It appears, however, that the court entered a judgment pursuant to a theory which was neither pleaded nor tried (by acquiescence or otherwise). .We would agree with both parties that said judgment was without authority in law.[1]
The judgment appealed from, therefore, is reversed and the trial court is directed to make a specific determination as to whether Abe had fully performed pursuant to an express agreement between the two parties; and, secondly, whether Austin expressly agreed to pay $5,000.00 therefor. If both questions are answered in the affirmative, judgment should be rendered in favor of Abe awarding him the sum of $5,000.00, together with interest and costs. If either question is answered in the negative, final judgment should be entered in favor of Austin and against Abe.
If the trial court cannot make such determination without a new trial, and so orders, then the parties should be given reasonable time to either plead specifically, or prove by acquiescence, any theory of recovery or defense, as they may be advised.[2]
All other points raised on appeal are without merit.
Reversed with directions.
HOBSON, Acting C. J., and PIERCE, J., concur.

. See, e. g., Hart Properties, Inc. v. Slack (Fla.1963), 159 So.2d 236; Lamb v. Jones (Fla.App.3d 1967), 202 So.2d 810; Neveils v. Thagard (Fla.App.1st 1962), 145 So.2d 495; and Keathley v. Elb (Fla.App.2d 1961), 133 So.2d 471.

. See Neveils v. Thagard, supra.