386 So.2d 8 (1980)
John L. HARNISH and Virginia P. Harnish, His Wife, Appellants,
v.
Paul F. PEELE, Appellee.
No. 78-2711/T4-338.
District Court of Appeal of Florida, Fifth District.
June 4, 1980.
Rehearing Denied July 29, 1980.
*9 Michael R. Walsh, Orlando, for appellants.
Calvin J. Faucett, Orlando, for appellee.
WATSON, RICHARD O., Associate Judge.
Paul F. Peele, the plaintiff, paid a $300.00 deposit and signed a contract to purchase a building for use as his chiropractic office. His inquiry into financing with a savings and loan left him doubtful he would be approved for a loan. His sister, Virginia P. Harnish and her husband, John L. Harnish, the defendants, agreed to apply for the loan. They did and were approved. Prior to the closing, the Harnishes indicated their desire to have title taken in their names to protect them against any claims of Peele's ex-wife and his heirs. Upon closing in October 1972, the title was conveyed to the Harnishes by the seller and they executed the mortgage to the savings and loan association and paid approximately $8,100 cash at closing.
Thereafter, Peele, with the help of the Harnishes, renovated the building into an office suitable for his chiropractic practice. Peele made monthly payments to the Harnishes in an amount equal to the monthly mortgage payment, the monthly payment due on a Title I loan obtained by the Harnishes in order that Peele could remodel the building, and a variable amount equal to any sums advanced by the Harnishes for materials or costs related to the building.
Before the closing Peele and the Harnishes agreed that anytime Peele paid them back the money the Harnishes would deed the property to him. In the words of Peele:
They informed me anytime that I could pay them back this money for those two months, two years, or ten years, they would gladly, with no hassle, sign the property back over to me with me paying them their money.
In 1977 Peele sold his chiropractic practice to another chiropractor. He demanded the Harnishes deed him the property and they refused. Peele then leased the property to the other chiropractor. The Harnishes notified the tenant they owned the property and the tenant thereafter paid the rent to them or their attorney.
Peele sued the Harnishes, contending in one count the Harnishes loaned him the money to purchase the property, agreed to hold title as security and to convey title to him when he paid them. Peele also sued for intentional interference with Peele's advantageous business relationship. After a trial before the court, judgment was entered finding the Harnishes held title in a resulting trust and ordering the Harnishes to convey the property to Peele upon payment to the Harnishes of $9,047 plus 7 1/2% simple interest from the date of the closing. The trial judge also awarded Peele compensatory damages for the Harnishes' interference with Peele's business relationship with his tenant.
There are three situations in which the trust which arises is properly called a resulting trust:

*10 (1) where an express trust fails in whole or in part;
(2) where an express trust is fully performed without exhausting the trust estate;
(3) where property is purchased and the purchase price is paid by one person and at his direction the lender conveys the property to another person.
In each of these cases there is an inference that the person taking title to the property is not intended to have the beneficial interest... .
V Scott, The Law of Trusts, sec. 404.1 (3rd ed. 1967).
A resulting trust arises when the legal estate in property is disposed of, conveyed or transferred, but the intent appears or is inferred from the terms of the disposition, or from accompanying facts and circumstances, that the beneficial interest is not to go to or be enjoyed with the legal title.
Howell v. Fiore, 210 So.2d 253 (Fla. 2d DCA 1968).
The trust arises by operation of law, but a vital element is the intent of the parties to create a trust relationship. The intention of the parties may be presumed from the facts. Smith v. Smith, 143 Fla. 159, 196 So. 409 (1940).
The evidence must be so clear, strong and unequivocal as to remove every reasonable doubt as to the existence of the trust. Goldman v. Olsen, 159 Fla. 435, 31 So.2d 623 (1947). Implicit in the trial court's judgment is a finding that Peele and the Harnishes intended to create a trust relationship. There is sufficient evidence in the record to support that finding.
There is an additional element required to create a resulting trust which has received little attention in Florida case law. A passing reference was made to that element in Womack v. Madison Drug Co., 155 Fla. 335, 20 So.2d 256 (1944):
A resulting trust must arise, if at all, at the instant the deed is taken and legal title vests in grantee. The complaining party must have paid his share of the purchase price, or bound himself to the grantor by an absolute obligation to pay it. (Emphasis supplied)
Id. at 257.
Although the facts of Womack were dissimilar to the instant case, the court remarked that the agreement by the parties was "... too indefinite upon which to bottom a trust."
There must be more than a privilege reserved in the person claiming the trust relationship to pay or not to pay at his election. There must be a debt which the grantee can enforce. As stated in Womack and restated in Turturro v. Schmier, 374 So.2d 71 (Fla. 3d DCA 1979), the person claiming the trust must have "... bound himself ... by an absolute obligation to pay it."
Peele's agreement with the Harnishes was that anytime he could he would pay them and they would deed him the property. There were no terms of repayment. Peele had no binding obligation to pay the Harnishes. He could either pay or not pay the money paid by the Harnishes at his option. Consequently, as stated in Womack, the agreement between Peele and the Harnishes is too indefinite upon which to bottom a trust.
Caruthers v. Williams, 21 Fla. 485 (1885), did not consider the "absolute obligation" requirement. Further, the terms were more definite and Caruthers offered to repay Williams the week following the purchase.
The evidence is insufficient to support the court's judgment finding a resulting trust. The judgment is
REVERSED.
ORFINGER and COBB, JJ., concur.