409 So.2d 217 (1982)
Wayne H. ESTEY, Appellant,
v.
SHARP ELECTRONICS CORPORATION, Etc., Appellee.
No. 81-714.
District Court of Appeal of Florida, Fourth District.
February 3, 1982.
Charles W. Musgrove and J. Ralph Mabie, West Palm Beach, for appellant.
Armistead W. Ellis, Jr., of Nohrr, Nohrr, Brushwood & Howze, P.A., Melbourne, for appellee.
DELL, Judge.
Wayne H. Estey appeals from an order on proceedings supplementary which set aside a transfer of real property from the appellant to his father. The appellant claims that he held the land pursuant to a resulting trust. We agree and accordingly reverse the trial court's order that the property is subject to the appellee's execution.
In 1972, the appellant's father, L.W. Estey, acquired land, the title to which he put in appellant's name. The deed to the property listed the grantee as "Wayne H. Estey c/o L.W. Estey." Appellant did not learn of the inclusion of his name on the deed until several months later. Appellant's father paid all taxes and expenses related to the land. Further, although the land was income producing by virtue of its yield of citrus, appellant never received any such income. In short, appellant never enjoyed any of the benefits from the land, nor did he incur any expenses related to the property. On June 28, 1979, a judgment was entered against the appellant by the appellee. During the course of discovery, appellee learned that the property in question had been transferred to L.W. Estey by appellant. This transfer occurred after the judgment had been entered. There is no evidence that appellee had any knowledge of the property until after discovery was taken in aid of execution. It is well settled that,
A judgment creditor cannot have his debt satisfied out of the property held in the name of his judgment debtor under a resulting trust for another, unless it is made to appear that it was on the faith of the judgment debtor's apparent ownership that the credit was given which resulted in the judgment sought to be satisfied.
Laganke v. Sutter, 137 Fla. 71, 187 So. 586 (1939); First National Bank of Arcadia v. Savarese, 101 Fla. 480, 134 So. 501 (Fla. 1931).
It is generally stated that the party seeking to establish a resulting trust has the burden of proving its existence by "clear, strong and unequivocal evidence." Powell v. Race, 151 Fla. 536, 10 So.2d 142 (Fla. 1942). However, Section 56.29(6)(a), Florida Statutes (1981) alters this conclusion.
When, within one (1) year before the service of process on him, defendant has had title to, or paid the purchase price of, any personal property to which his wife, any relative, or any person on confidential terms with defendant claims title and *218 right of possession at the time of examination, the defendant has the burden of proof to establish that such transfer or gift from him was not made to delay, hinder, or defraud creditors.
This section specifically provides that a defendant has the burden of proving a resulting trust only when "personal property" is at issue. Where real property is concerned, as here, the statute indicates that the burden of proving fraud is upon the plaintiff. (Expressio unis est exclusio alterius).
Also supporting appellant's position is a presumption regarding property exchanged between relatives.
Where a transfer of property is made to one person and the purchase price is paid by another, and the transferee is a wife, child or other natural object of bounty of the person by whom the purchase price is paid, and the latter manifests an intention that the transferee should not have the beneficial interest in the property, a resulting trust arises.
Restatement (Second) of Trusts, § 443. See also, Martin v. Wilson, 115 So.2d 573 (Fla. 1st DCA 1959) and V Scott on Trusts, § 442 (3d Ed. 1967).
Therefore, the dispositive issue is, did appellant's father manifest an intention that appellant was not to have a beneficial interest in the land? We find that such an intention is amply demonstrated by the record. First, it is important to note that appellant was not told of the inclusion of his name on the deed until several months after his father acquired the property. If an outright gift were intended it is logical to assume that appellant would have learned of it much earlier. (It is axiomatic that delivery is essential to the creation of a gift. In re Slawson's Estate, 41 So.2d 324 (Fla. 1949).) Conversely, appellant's lack of knowledge is no impediment to the creation of a resulting trust.
If A purchases property and has the conveyance made to B, a resulting trust arises in favor of A even though B had no knowledge that the conveyance was made to him. The trust arises because A presumptively did not intend that B should have the beneficial interest, not because B intended to hold the property in trust. B would be unjustly enriched if he were permitted to retain the property when A never intended to give him a beneficial interest. If B knew of the conveyance to him but thought that a gift to him was intended, he should nevertheless be compelled to hold upon a resulting trust for A, unless in reliance upon his belief that a gift was intended he has so changed his position that it would be inequitable to compel him to surrender the property.
Scott on Trusts, § 440, supra.
The next and most compelling indication of the father's intention to retain ownership of the property is the fact that it was he who incurred all of the expenses of maintaining the land. Appellant contributed nothing, nor was he expected to. All taxes and costs related to the property were paid by the father. Appellant had never even been on the property.
It is the intention of the payor at the time of the transfer and not at some subsequent time which determines whether a resulting trust arises. Compare § 457. The conduct of the payor and of the transferee subsequent to the transfer, however, may be such as to show that at the time of the transfer the payor did not intend to make a gift to the transferee. Thus, the fact that the payor manages the property, collects rents, pays taxes and insurance, pays for repairs and improvements, or otherwise asserts ownership, and the acquiescence by the transferee in such assertion of ownership, is evidence to rebut the inference of an intention by the payor to make a gift to the transferee.
Restatement (Second) of Trusts, § 443.
Lastly, is the fact that the deed itself does not express an intention that L.W. Estey had purchased the land as a gift for his son. He had the vendor of the property convey the land to appellant, Wayne H. Estey, in care of L.W. Estey. While the legal significance of this language is not conclusive of the issue, it does support appellant's *219 position that he only held the land in trust for his father. An analogous situation is found in property law. Were a purchaser to buy the parcels of land in question, certainly the language of the deed would be sufficient to put him on notice as to possible defects in the title.
A purchaser is bound by the recitals in conveyances in his chain of title. When anything appears in these title deeds sufficient to put a prudent man on inquiry which if prosecuted with ordinary diligence would lead to actual knowledge of some right or title in conflict with the title he is about to purchase, it is his duty to make inquiry, and if he does not do so he is chargeable with actual knowledge of what the inquiry would have disclosed. The description of a grantee as trustee in a recorded deed is notice of a trust of some description and puts a subsequent purchaser or mortgagee upon inquiry as to the existence or nature of such trust.
8 Thompson on Real Property, § 4310 (1963).
The circumstances surrounding the purchase of this property adequately support the proposition that appellant held no beneficial interest in the land. His only association with it was the inclusion of his name on the deed. This fact, of itself, does not outweigh the other factors which indicate that the true owner of the property had been, and always was, appellant's father.
Appellee's primary argument in opposition to appellant's contention that a resulting trust was created relies upon discrepancies between appellant's deposition and his father's. These discrepancies are not of such a profound nature as to indicate fraud on appellant's part. Most of the inconsistencies are differences of degree rather than kind. It is of little consequence that "nominal" consideration was paid by the father as opposed to "no" consideration. The same is true of whether the father put appellant's name on the deed to avoid future entanglements with his estranged wife or if the father intended the property to pass to appellant upon the father's death and then to be used to care for the wife. It is not inconsistent for a father to control property in such a way as to have it pass to his only heir upon his death. As far as the wife was concerned, the fact that the husband (father) expressed a desire to have her provided for does not alter the status of the land as between he and appellant.
Appellee does not offer any evidence of the father's intent, which is the dispositive feature in the creation of a resulting trust. However, the facts which are in the record portray a piece of property which from the time of its purchase has been in the control of appellant's father. There is no basis for concluding that appellant had any possessory interest in the land. As such, it was improper for the court to subject this property to execution by appellant's creditors.
Accordingly, the order of the trial court subjecting the land in question to execution by appellant's creditors is reversed.
ANSTEAD and HERSEY, JJ., concur.