553 So.2d 748 (1989)
F.J. HOLMES EQUIPMENT, INC., et al., Appellants,
v.
BABCOCK BUILDING SUPPLY, INC., Etc., Appellee.
No. 89-168.
District Court of Appeal of Florida, Fifth District.
December 14, 1989.
*749 David Joseph Volk, Andrew A. Graham, Maureen M. Matheson and Michael R. Riemenschneider of Reinman, Harrell, Silberhorn & Graham, P.A., Melbourne, for appellants.
Benjamin Y. Saxon of the Law Offices of Benjamin Y. Saxon, P.A., Melbourne, for appellee.
COWART, Judge.
This case involves the issue of priority between the beneficiary of a resulting trust and the lien of a judgment against the trustee of the unrecorded resulting trust where the judgment creditor relied on the trustee's apparent ownership of land in extending credit which was the basis for the debt for which the judgment was obtained.
The relevant facts can be simplified as follows: pursuant to an unrecorded agreement between A (appellant Schill) and B (appellant Holmes), A provided all of the purchase money and bought Blackacres, the record legal title to which was placed in the names of both A and B.[1] C (appellee Babcock) relied on B's ownership[2] of a one-half interest in Blackacres in extending credit to B. When B did not pay, C obtained and recorded a judgment against B. Thereafter, pursuant to the private agreement between them, B conveyed the one-half interest in Blackacres to A. C brought this action against A and B to have it adjudicated that C's judgment constituted a valid lien against the one-half interest in Blackacres that B conveyed to A. A asserted that because A provided all of the consideration for the purchase of Blackacres, A was entitled in equity to a resulting trust in B's one-half interest in Blackacres that was superior to the legal lien of C's judgment. The trial court held that C's judgment lien was superior to A's rights as the equitable beneficiary of the resulting trust and A appeals. We affirm.
A resulting trust may arise in favor of one who furnishes money used to purchase property the legal title to which is taken in the name of another. The equities in this direction are especially strong when the parties intended that the title was to be held by the legal grantee for the use and benefit of the person supplying the consideration for the purchase. See Steigman v. Danese, 502 So.2d 463 (Fla. 1st DCA 1987), rev. denied, 511 So.2d 998 (1987); Harnish v. Peele, 386 So.2d 8 (Fla. 5th DCA 1980), rev. denied, 394 So.2d 1153 (1981). We accept that, at the time C recorded the judgment against B, B held legal title to an undivided one-half interest in Blackacres as trustee of a resulting trust for the benefit of A.
A legal problem arises when a third party, who has neither actual nor constructive *750 notice of the claims or rights of the equitable beneficiary, acquires an interest in the property, as grantee, devisee, judgment creditor, or otherwise, while the legal title is lodged in the legal grantee and there becomes a priority controversy between the beneficiary of the unrecorded resulting trust and the third party who has acquired a bona fide interest in the property, by, through, under or against the legal grantee who in truth and in equity was holding the legal title for the benefit of a third party.
The first rule is that competing interests in land have priority in order of their creation in point of time. This rule is subject to the important exception created by the recording statute[3] that notice of the first created rights must be available to those later acquiring rights in the same land.[4] This normally means that unrecorded rights, titles or lien interests, such as the equitable rights of the beneficiaries of resulting trusts,[5] constructive trusts and equitable liens, are generally held to be inferior to rights subsequently acquired without actual notice of the earlier created but unrecorded rights.
However, somewhat inconsistent with the general rule, it has been held in Florida that, with one notable exception, a bona fide judgment creditor cannot have his debt satisfied out of property held by the judgment debtor as trustee under a resulting trust. See Arundel, supra; First National Bank of Arcadia v. Savarese, 101 Fla. 480, 134 So. 501 (1931); and Estey v. Sharp Electronics Corp., 409 So.2d 217 (Fla. 4th DCA 1982). The exception is that the lien of a bona fide judgment creditor is superior to the equitable rights of the beneficiary of a resulting trust where the judgment creditor extended the credit leading to the judgment relying on ("on the faith of") the record title to the property being at that time in the name of the judgment debtor. This exception appears to be based upon an equitable estoppel against the trust beneficiary who has permitted the judgment creditor to rely to his detriment on the apparent ownership of the trust property by the debtor and the appearance of financial responsibility which such land ownership implies.
Appellant Schill (A) relies on Arundel, supra, and Estey, supra. In those cases the judgment creditors did not originally extend credit on the faith of the judgment debtor's ownership of the property which was the subject of the resulting trust. Hence, the judgment creditors in those cases did not rely on the debtor's apparent ownership of the trust property and the resulting trust beneficiaries were, therefore, not estopped to assert their equitable interests. However, in this case, the credit that led to the debt on which the judgment was based was extended by C (the creditor) to B (the legal grantee-trustee-Holmes) in reliance on B's claim of ownership of a one-half interest in the land which, after C (the creditor) obtained judgment against B, was conveyed by B to A in execution of the resulting trust in favor of A; therefore, the exception applied. The trial court's conclusion is
AFFIRMED.
SHARP, J., concurs.
DAUKSCH, J., concurs specially in conclusion only, without opinion.
NOTES
[1] Actually A and B each took title as "trustee" but that fact has no bearing here because of the effect of section 689.07(1), Florida Statutes. See Arundel Debenture Corp. v. LeBlond, 139 Fla. 668, 190 So. 765 (1939). The bare designation of "trustee" or "as trustee" on a recorded deed does not give constructive notice of the rights of anyone claiming an unrecorded beneficial interest nor does it serve to put a duty on one to inquire about the possible undisclosed interests of third parties.
[2] The judgment creditor relied on B's representation of his ownership interest and not on the public recording of the deed conveying title to B, the judgment debtor, but this is not material to the legal question presented. An examination of the public record by C would have only corroborated B's representation that he owned a one-half interest in Blackacres. The public records did not disclose, and therefore did not give constructive notice of, the possible equitable rights of A in and to the one-half interest held of record in B's name.
[3] Section 695.01, Florida Statutes.
[4] See, e.g., Cain & Bultman, Inc. v. Miss Sam, Inc., 409 So.2d 114 (Fla. 5th DCA 1982).
[5] See Abreu v. Amaro, 534 So.2d 771 (Fla. 3d DCA 1988); Steigman v. Danese, supra; Harnish v. Peele, supra.