PER CURIAM.
This is an appeal by the plaintiff Robert S. Rich, Jr. from a final judgment entered upon an involuntary dismissal after a non-jury trial on a suit for specific performance of an oral contract to sell a parcel of real property. We affirm.
First, the trial court did not abuse its discretion in denying the plaintiff’s motion to amend his complaint because (a) the proposed amendment was made at the outset of the trial below and was entirely untimely, and (b) the evidence in support of the proposed amendment was, in any event, adduced at trial, and such evidence clearly established that the cause of action pled therein was barred by the statute of frauds. See Winfield v. Noe, 426 So.2d 1148 (Fla. 3d DCA 1983); Chitty & Co. v. Preston H. Haskell Co., 423 So.2d 460 (Fla. 1st DCA 1982); International Patrol & Detective Agency, Inc. v. Aetna Casualty & Surety Co., 396 So.2d 774 (Fla. 1st DCA 1981), approved, 419 So.2d 323 (Fla.1982); Brown v. Montgomery Ward & Co., 252 So.2d 817 (Fla. 1st DCA 1971), cert. denied, 257 So.2d 561 (Fla.1972).
Second, the trial court did not err in granting an involuntary dismissal on the plaintiff’s specific performance count because (a) the terms of the alleged contract relating to payment and default were entirely uncertain and, accordingly, the contract could not be specifically enforced, see Womack v. Madison Drug Co., 155 Fla. 335, 20 So.2d 256 (1945); LaMar v. Lechlider, 135 Fla. 703, 185 So. 833 (1939); Fox v. Sails at Laguna Club Dev. Corp., 403 So.2d 456, 458 (Fla. 3d DCA 1981); and (b) the alleged contract was never reduced to writing and was barred by the statute of frauds. See Dorsey v. Behm, 356 So.2d 345 (Fla. 1st DCA 1978); De Lucca v. Flamingo Corp., 121 So.2d 803 (Fla. 3d DCA 1960); § 689.01, Fla.Stat. (1989); see also Segovia Inv., Inc. v. Katogas, 364 So.2d 838 (Fla. 3d DCA 1978).
Third, the trial court properly ordered the defendant Arthur C. Gulliver to repay the plaintiff the $20,000 advanced by the plaintiff to Gulliver, and, was not required, as urged, to impress an equitable lien on the subject property in the plaintiff’s favor or to assess any interest thereon. In the event, however, that the plaintiff is unable to obtain the $20,000 from the proceeds of the escrow account, as ordered in the final judgment, the plaintiff is clearly entitled to obtain a money judgment in the aforesaid amount against the defendant in the trial court. See Price v. Price, 17 Fla. 605 (1888); 22 Fla.Jur.2d Equity § 42 (1980); cf. Janeczek v. Embry, 330 So.2d 837, 838 (Fla. 3d DCA 1976); Neveils v. Thagard, 145 So.2d 495 (Fla. 1st DCA 1962).
Affirmed.