COWART, Judge.
The court has, on its own motion, combined the two above cases for the purpose of disposition.
John Luther Cobb, Sr., died in 1988, the record titleholder of certain improved real property on which he lived as his homestead. Appellant, Carol Bums, apparently lived with Mr. Cobb on the property while he was alive and continued after his death.
Mr. Cobb left surviving as his lineal descendants two sons, the appellees Richard C. Cobb and John L. Cobb, Jr. After their father died, the children petitioned[1] the *415 probate court for, and received, a ruling that the property constituted the homestead of the decedent within the meaning of Article X, Section 4 of the Florida Constitution, and descended to the sons. Carol Burns filed a petition in the probate court to “reopen” the estate, attaching an affidavit in which she claimed “an interest” and “an ownership interest” in the property and, in effect, alleged that she provided funds that were used for the purchase and improvement of the property. The probate court denied the petition to “reopen” the estate and Carol Bums appeals. We affirm that ruling.
As a practical matter, a proceeding to determine homestead does not constitute the opening and closing of administration of a probate estate that can be “reopened”. The appellant did not seek, as a creditor or other “interested person”, to have administration of the estate opened as was possible under section 733.202, Florida Statutes.[2]
In a separate proceeding the sons brought an ejectment action against Carol Bums, alleging that they were entitled to possession of the property as a result of its descent to them. Carol Burns filed an amended counterclaim in which she alleged, among other claims, that she contributed money, labor and services relating to the original purchase of the land and that she participated in the borrowing and repaying of money used to construct the house on the land and requested the court to find that Carol Burns was a beneficial owner of the property under a constructive trust or was entitled to an equitable lien against the property. The trial court struck the counterclaim and entered summary judgment in favor of the sons for possession. Apparently the trial court was under the impres.sion that Carol Burns could not assert her claims for an equitable beneficial ownership in the property or an equitable lien against it because of the determination in the earlier proceeding that the property constituted the homestead of Mr. Cobb and that upon Mr. Cobb’s death, the legal title thereto descended to the sons as his lineal descendants.
We reverse the summary judgment in the ejectment action finding that the counterclaim states a cause of action involving several issues of material fact for trial as to allegations in the counterclaim.
First we note that Carol Burns was not a party to the judicial proceeding determining homestead, was not duly noticed as to it and under due process concepts is not legally bound by that determination. That determination does not appear to be incorrect but whether it was correct or incorrect is not determinative of the issues in these two cases.
Article X, Section 4(a) of the Florida Constitution providing for the exemption of homestead property from forced sale, and that no judgment or decree would be a lien thereon, contains explicit exceptions relating to judgments and decrees “for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty.” If, as Carol Bums alleges, she provided money for the purchase or improvement of Mr. Cobb’s homestead and would have, during his lifetime, been entitled to establish an equitable ownership interest in it under any equity theory (resulting[3] or constructive trust[4]) or an equitable lien therefor against the land,[5] or to have obtained a money judgment therefor against him, his homestead would have been subject to the lien of such money judgment or equitable de *416 cree of ownership or equitable lien[6] under the exception in the constitution. Again, if Carol Burns would have been entitled to a decree in equity establishing an equitable ownership in, or equitable lien or a law judgment against, Mr. Cobb and his homestead before he died, her cause of action therefor did not die with him[7] and, subject only to possible evidentiary problems under the dead man’s statute,[8] she would be entitled to establish the same decree or judgment against his estate or the adjudication of an equitable ownership in, or equitable lien against, the homestead lands and such judgment or equitable decree could likewise be good as against the homestead property and the homesteader’s lineal descendants.
If Carol Bums’ claim for an equitable ownership interest in the land is found by a court of equity to be good it will not be defeated by the homestead claims of the lineal descendants who stand in the shoes of the homesteader and who took with notice of the claim of Carol Bums, she being in actual possession of the property, and further, if that equitable ownership interest is established as a legal title interest and includes a present possessory right, that interest and right would constitute a defense to the ejectment action even if the homesteader’s heirs had a future possesso-ry interest. Likewise if the court in equity finds Carol Burns is entitled only to an equitable lien for restitution for money used for the purchase or improvement of the homestead property, that equitable lien will not be defeated by the homestead claims of the lineal descendants, although such lien interest would not be a defense to an ejectment action which involves the right to possession.
The order denying the petition to reopen the estate is affirmed. The order striking Carol Bum’s counterclaim for equitable relief and the resulting summary judgment in the ejectment action is reversed and the cause is remanded for further proceedings.
AFFIRMED in part; REVERSED in part; and REMANDED.
DAUKSCH and W. SHARP, JJ., concur.

. Pursuant to Florida Probate Rule 5.405.

. See generally Kelley, Homestead Made Easy, Part I, 65 Fla. Bar Journal 17, 20 (March, 1991).

. See F.J. Holmes Equipment, Inc. v. Babcock Building Supply, Inc., 553 So.2d 748 (Fla. 5th DCA 1989); Harnish v. Peele, 386 So.2d 8 (Fla. 5th DCA 1980), rev. denied, 394 So.2d 1153 (1980).

. See Hutchens v. Maxicenters, U.S.A., 541 So.2d 618 (Fla. 5th DCA 1988) (see the separate opinion).

. Id. For an explanation of the theoretical distinction between a beneficial ownership interest in property and an equitable lien, see Sonneman v. Tuszynski, 139 Fla. 824, 191 So. 18 (1939).

.See, however, Jones v. Carpenter, 90 Fla. 407, 106 So. 127 (1925); Whigkam v. Muehl, 511 So.2d 717 (Fla. 1st DCA 1987); Clutter Construction Corp. v. Clutter, 173 So.2d 761 (Fla. 3d DCA 1965).

. Section 46.021, Florida Statutes; see also Taylor v. Orlando Clinic, 555 So.2d 876 (Fla. 5th DCA 1990).

. § 90.602, Fla.Stat.