377 So.2d 796 (1979)
Eloise COOLEY et al., Appellants,
v.
Jeff CODY et al., Appellees.
No. LL-427.
District Court of Appeal of Florida, First District.
December 11, 1979.
Jack Locklin, Jr., of Johnson, Green & Westmoreland, Milton, for appellants.
Robert R. Kimmell, Pensacola, for appellees.
SHIVERS, Judge.
Appellants/defendants appeal a final judgment entered by the trial court after a jury returned a verdict in favor of appellees/plaintiffs on their complaint for declaratory relief.
Appellees are the children and grandchildren of Fannie Bell Cody and John Green Cody. Appellant, Eloise Cooley, is also a child of Fannie Bell Cody and John Green Cody. The other appellant, Cody Cooley, is her husband. John Green Cody and Fannie Bell Cody, his wife, owned a parcel of property in Escambia County as their homestead. John Cody predeceased Fannie Bell Cody. Afterward, in 1972 Fannie Cody conveyed to appellants the land she owned in Escambia County. Also in 1972, she executed an instrument in affidavit form styled "Statement of Intent and Affirmation of Past Acts" which essentially states that she had deeded to the appellants her property as compensation to them for their past care and the assurance of their future care of her and that she did this of her own free will and desire without any undue influence or coercion by the defendants. In 1973, Fannie Cody executed a Corrected Warranty Deed to the property, correcting the property description and the name of appellant, Eloise Cooley. Fannie Cody died in June, 1973, at the age of 88 years. For approximately three years before her death, Fannie Bell Cody was in ill health and had lived with appellants.
Prior to the institution of this lawsuit, the property conveyed to appellants by Fannie Cody was sold at a favorable price with the consent of all the parties. The *797 proceeds of the sale were placed in a trust account pending the resolution of the questions of ownership of the sale proceeds between appellants and appellees. The action below was commenced when appellees filed a declaratory complaint claiming that they along with the appellant, Eloise Cooley, were entitled each to a share of the proceeds of the sale of the property according to the intestate provisions of the Florida Probate Code. They claimed that the two deeds executed by Fannie Cody in favor of appellants were not effective because Fannie Cody was incompetent and lacked the requisite mental capacity to validly convey the property and because she was unduly influenced and fraudulently induced by appellants to execute the deeds.
In their pleadings, the appellees demanded "a trial by jury of all issues so triable." On April 12, 1978, the trial court entered its order setting jury trial for August 23, 1978. On May 2, 1978, appellants filed a "Motion to Determine Plaintiffs' Right to Trial By Jury." The motion stated that the suit was brought in equity for the purpose of rescinding a deed. Appellants' motion contended that the appellees had no right to trial by jury in an action grounded in equity and prayed that the trial court deny the appellees' right to trial by jury. No written disposition of this motion was made. The trial court's Order filed with this court reflects that said motion was considered by the trial court and that following hearing the trial court disposed of the motion by ordering jury trial.
Following the final arguments, the Court charged the jury. This charge included the following:
"Members of the Jury, the Court will now instruct you on the law that you must follow in reaching your verdict. It is your duty as jurors to consider and weigh the evidence and to decide the disputed issues of fact and then apply the law to the facts as you find them from the evidence.
The issue for your determination today is the validity of the conveyances from Fannie bell Cody to Eloise Cooley and Cody Cooley. That is your issue. .."
The trial court gave complete instructions as to the resolution of conflicting testimony, as to the burden of proof, as to the presumptions involved, and as to the law regarding incompetency and undue influence.
The trial court also gave instructions as to how the jury should fill out the verdict form which was supplied by the trial court. The verdict form submitted by the trial court to the jury was as follows:
 "We, the jury, find as follows.
 1. For the plaintiffs, Jeff Cody, Lucy Shell, Myrtle Shell,
 Dewitt Cody, Joseph T. Wiggins, Dora Vernell Thrash, James
 Dewey Wiggins, Epsy Mae Sasnette and Clara Redd
 [ ]
 2. For the defendants, Eloise Cooley and Cody Cooley
 [ ]
 So say we all
 ____________________ ____________________
 date Foreperson"
The action filed by appellees for declaratory relief premised on the rescission of deeds on the grounds of incompetency and undue influence was clearly grounded in equity. We recognize that in equitable actions, the court has the discretion to submit appropriate factual issues to a jury. Berg v. New York Life Insurance Company, 88 So.2d 915 (Fla. 1956). This does not mean, however, that a court of equity may submit to a jury issues of fact which are traditionally within the province of the equity court to determine.
Section 86.071, Fla. Stat. (1977), authorizes jury trials in actions brought for declaratory relief as follows:
"When an action under this chapter concerns the determination of an issue of fact, the issue may be tried as issues of fact are tried in other civil actions in the court in which the proceeding is pending. To settle questions of fact necessary to be determined before judgment can be rendered, the court may direct their submission to a jury. When a declaration of right or the granting of further relief based thereon concerns the determination of issues of fact triable by a jury, the *798 issues may be submitted to a jury in the form of interrogatories, with proper instructions by the court, whether a general verdict is required or not. Neither this section nor any other section of this chapter shall be construed as requiring a jury to determine issues of fact in chancery actions."
The last sentence of this provision [formerly Section 87.08, Fla.Stats. (1951)] has been interpreted as follows:
"... [W]e see no necessity of interpreting the last sentence literally, but construe it as a prohibition only against the submission of issues of fact to a jury which are traditionally within the province of an equity court to determine, leaving wide latitude in other respects to the Court, as to the submission to the determination by a jury of those issues properly triable at common law, under authority of the next preceding sentence." Lincoln Tower Corp. v. Dunhall's-Florida, Inc., 61 So.2d 474, 476 (Fla. 1952).
It is clear from the instructions given by the trial court to the jury and by the verdict form submitted by the trial court to the jury that the court placed the resolution of the entire matter in the hands of the jury. It was the duty and responsibility of the lower court sitting in equity to resolve the dispute using equitable principles and considerations. We reject the temptation to rule that the lower court was using the jury merely in an advisory capacity because to do so invites abuse. The trial court, by submitting the entire matter to the jury in general verdict form, committed reversible error. The appellants preserved this issue for review on appeal by their "Motion to Determine Plaintiffs' Right to Trial by Jury."
REVERSED and REMANDED for proceedings not inconsistent herewith.
ERVIN and BOOTH, JJ., concur.