HARRIS, Judge.
Dennis and Donna Bonneau and their corporation, Brooksville Glass, Inc., sued Irwin Hall and his corporation, Irwin Hall Services, Inc., for alleged breach of contract, indemnity, specific performance, fraud and deceit and civil theft arising from a sales contract of the business operated by Brooksville Glass, Inc.[1] and a lease of the business premises owned by Mr. and Mrs. Bonneau. There was a substantial dispute as to what representations were made by the Bonneaus during the negotiations which led up to the sales and lease agreement.
Irwin Hall Services, Inc. counterclaimed against the plaintiffs because of alleged breach of contract and fraud and misrepresentation.
Shortly after taking possession of the business pursuant to the lease and sales agreement, Hall stopped payment on his rental check and removed all of the inventory, supplies, tools and equipment belonging to Brooksville Glass, Inc. to his separate business in Ocala. There was substantial dispute as to Hall’s intentions and alleged justification in taking this action.
After learning of Hall’s actions (the removal of the business assets to Ocala), the Bonneaus contacted Hall, through his attorney, and after refusing Hall’s offer to rescind the agreements, brought this action.
The case went to the jury on plaintiffs’ claims for breach of contract, indemnification, fraud and deceit and civil theft and on defendant’s counterclaim for damages because of misrepresentation and, improperly but without objection, the equitable count on rescission.[2]
It is the jury’s verdict on the rescission count that makes this case unusual and caused the confusion which engendered this appeal.
The Bonneaus moved to strike, pretrial, the count relating to rescission on the ground that it was impossible to place the parties back in status quo. The court, without permitting argument, denied the motion stating that it should again be raised after the evidence was submitted. It was. It was the Bonneaus’ position that since a year had passed and the business had been closed and since Hall had had the use of the equipment for a year, the status quo could not be restored. Hall, on the other hand, argued that the status quo could be restored by merely returning all of the assets; this had been offered within two weeks of the original contract date.
*1308 Although the court expressed concern whether rescission was “a viable remedy in this case,” it nevertheless stated:
I’m going to reserve ruling on that. I will let it go to the jury with an instruction. I don’t think the jury is going to bite at all, but I will let it go to the jury with an instruction that says something to the effect if the parties can’t be returned to their status quo then that is an inappropriate remedy and they can’t— should not determine that.
I will also, of course, let counsel argue those facts you just argued and, if the jury comes back with a rescission count, I’m going to take a close look at it because I have extreme doubts as to whether that is a viable remedy in this case.
Neither counsel objected to submitting this issue for jury determination. The court gave the following instruction to the jury:
Irwin Hall has requested that the agreement for sale of Brooksville Glass, Inc. and the lease be rescinded. Rescission is in effect the cancellation of the agreements as if they never existed with the return of the parties to the position they were in prior to the agreement being signed.
If you find that Dennis Bonneau and Donna Bonneau misrepresented, concealed or failed to disclose material facts regarding the business of Brooksville Glass, Inc. then you may grant rescission of the agreement for the sale of Brooks-ville Glass, Inc. and the lease agreement. In order for you to award the remedy of rescission to the defendant, you must find that the plaintiffs can be restored to the position they were in prior to the contract being entered.
The jury found that rescission was the appropriate remedy.
After specifically determining that Hall did not breach his contract with the Bon-neaus and was not guilty of fraud or civil theft and was not liable for indemnification, the jury instead found that the Bon-neaus had misrepresented, concealed and failed to disclose material facts. Although the jury found that Hall had suffered no damages because of this misrepresentation, it found that the sales agreement and lease should be rescinded.
This verdict “stunned and shocked” the trial court and, upon proper motion, it set aside the verdict and ordered a new trial because “the parties could not be restored to status quo.” But it is apparent from the transcript that the judge was confusing restoring the parties to status quo with compensating the Bonneaus because of damages suffered when the contract did not close. He was particularly concerned that judgment had been entered on some of the corporate debts. But the jury determined that the Bonneaus were not entitled to enforce the contract and therefore they are not entitled to compensation because the corporate debts (which would have been paid had the contract closed) have now been reduced to judgment or remain outstanding.
The rescission count should have been reserved for determination by the court after the jury verdict on the law counts.[3] However, by not objecting to a determination by the jury on this count, the parties are now bound — at least as to the factual determinations implicit in the jury verdict — by its determination. The jury found that the status quo could be restored and the record supports this finding. It is only necessary that:[4]
1. All inventory taken by Hall shall be returned to the Bonneaus. The judge shall determine the value of any missing inventory.
*1309 2. The equipment (including tools and vehicles) shall be returned to the Bon-neaus. The court shall determine the value of any missing equipment. The vehicles shall be returned subject only to a lien in the amount existing at the time of the agreement. The court shall determine a fair rental value for the tools and equipment if used, and for the period of use. The court shall also consider a fair rental value for the vehicles or, in the alternative, the difference in value of the vehicles as of the date of the agreement and the date of return.
3. The return of the insurance cancellation refund together with interest.
A judgment for these amounts, if any, would restore the status quo necessary to justify the equitable remedy of rescission. The verdict is reinstated and the order for new trial is quashed.
REVERSED and REMANDED for further action consistent with this opinion.
COWART and GRIFFIN, JJ., concur.

. The contract price for the sale of the business was the assumption of approximately 535,000 in corporate debts and the entering into a $1,000 per month rental agreement for the business premises.

. See Cooley v. Cody, 377 So.2d 796 (Fla. 1st DCA 1979).

. This is because the counterclaim based on misrepresentation involves issues which are related to the claim for breach of contract. See Spring v. Ronel Refining, Inc., 421 So.2d 46 (Fla. 3d DCA 1982).

. This plan for restoring the status quo is substantially what was proffered by Hall at a post judgment hearing called by the judge to discuss the problem.