COBB, Judge.
The appellant, Stanton, as plaintiff below, filed a mortgage foreclosure action against Ivey based upon a 1984 note and mortgage in the amount of $10,000 executed by the latter in settlement of an attorney’s fee dispute. Ivey admittedly defaulted on the note; he defended the action by raising the equitable defense of unclean hands. This defense was based upon Ivey’s contention that at the time of settlement he was not aware that Stanton had improperly represented other clients with interests conflicting with his, thereby breaching a fiduciary duty.
A partial summary judgment was entered for Stanton in regard to execution, delivery and nonpayment of the note and mortgage, leaving the equitable defense as the sole trial issue. This issue was erroneously submitted by the trial judge to a jury for its determination. See Hightower v. Bigoney, 156 So.2d 501 (Fla.1963); Cooley v. Cody, 377 So.2d 796 (Fla. 1st DCA 1979). The jury returned a verdict for Ivey, which was “ratified” by the' trial judge. Whether or not this action rectified the error of submitting the matter to a jury need not be decided on this appeal since Stanton was entitled to a foreclosure judgment in.any event.
This is so because the evidence adduced at trial does not support a finding that Stanton breached any fiduciary duty (the basis of the alleged “unclean hands”) that could avoid enforcement of the mortgage. That evidence, in a light most favorable to Ivey, showed that prior to Stanton’s representation of Ivey in the divorce, substantial sums of money were transferred from Global Video Communications Corporation to two Wyoming television stations in which Stanton had a substantial financial interest. At that time, Global was indebted to Ivey, as the former owner and seller of the business, in the amount of some $260,000.
There was no evidence, however, that Stanton knew of the obligation to Ivey at the time of the transfer of the money or at the time he undertook the divorce representation of Ivey, even though Stanton had previously represented Ivey as owner of the video business in some collection matters prior to sale of that business to Global. Stanton did not handle the sale. Moreover, the evidence was clear and undisputed that at the time of the monetary transfers to the Wyoming stations Global was current in its obligations, although it subsequently filed for bankruptcy. When Stanton learned of the obligation owing to Ivey from Global, he moved to withdraw as Ivey’s counsel in the divorce matter because of the potential for conflict. He also advised Ivey at that time to record his mortgage securing the Global debt, but Ivey declined to do so. In the ensuing fee dispute Ivey was represented by separate counsel and the settlement for $10,000 resulted in the execution by Ivey of the note and mortgage at issue in the instant litigation.
There was no showing that Global’s transfer of money to the Wyoming stations -was fraudulent in any way. Even had Stanton apprised Ivey of his financial interest in those stations prior to undertaking the divorce case, that disclosure would not have benefitted Ivey in securing the money owed to him from Global. Moreover, Stanton’s failure to make that disclosure did not diminish the value of Stanton’s services to Ivey in the divorce litigation, which was mutually agreed upon by the parties to be $10,000. Therefore, based upon the determinations made by the trial court in entering its partial summary judgment for Stanton, final judgment of foreclosure should have been entered in his favor.
Based upon our conclusions herein, the attorney’s fee award to Ivey based upon an offer of judgment in Case No. 94-776 must also be vacated.
*1052 REVERSED AND REMANDED FOR ENTRY OF JUDGMENT FOR THE APPELLANT.
PETERSON and GRIFFIN, JJ., concur.