In the Matter of Ronald Irving EVANS, Diane Lynn Evans, Debtors.

Ronald Irving EVANS, Diane Lynn Evans, Plaintiffs,

v.

MID–CITY JEWELRY, INC., Defendant.

Bankrtuptcy No. BK81–2001.
Adv. No. 82–189.

United States Bankruptcy Court,
D. Nebraska.

Aug. 10, 1982.

Susan Koenig-Cramer, Omaha, Neb., for plaintiffs.

James E. Schaefer, Omaha, Neb., for defendant.

## MEMORANDUM

DAVID L. CRAWFORD, Bankruptcy Judge.

In this adversary proceeding, Ronald and Diane Evans, plaintiffs, seek damages for alleged violations by the defendant of the automatic stay of 11 U.S.C. § 362 which, they allege, occurred following their filing of a petition under Chapter 13 with this Court.

Defendant is a pawnbroker, engaged in that business in the city of Omaha, Nebraska. Ronald Evans had, on a number of occasions, pawned items with the defendant. Many of the facts relevant to this litigation are set forth as "uncontroverted facts" in the Order on Pretrial Conference as follows: the parties agree

a. That the Plaintiff Ronald Evans pawned the below-listed property to the Defendant for the following amounts:

| Date | Property | Amount |
|------|----------|--------|
| 3/4/81 | Gibson bass guitar with case | $150.00 |
| 3/9/81 | Television, gun and Gibson bass guitar | 150.00 |
| 6/8/81 | Mamaya camera with 4 additional lenses and other camera equipment | 100.00 |

b. That the Plaintiffs made payments to the Defendant as follows:

Gibson bass guitar:

| Date | Amount |
|------|--------|
| 7/3/81 | $15.00 |
| 8/8/81 | 15.00 |
| 9/12/81 | 15.00 |

Television, gun and Gibson bass guitar:

| Date | Amount |
|------|--------|
| 7/6/81 | $15.00 |
| 8/8/81 | 15.00 |
| 9/8/81 | 15.00 |

c. That the Plaintiffs made no payments on the Mamaya camera with 4 additional lenses and other camera equipment.

d. That on October 7, 1981, Plaintiffs filed a Petition for Voluntary Bankruptcy pursuant to Chapter 13 of the United States Bankruptcy Code, listing the Defendant as a secured creditor on Schedule A, page 4, of said Petition.

e. That the Defendant sold the following property on the dates indicated below:

| Item | Date Sold |
|------|-----------|
| Mamaya camera with 4 additional lenses and other camera equipment | 10/20/81 |
| Television | 11/4/81 |
| Gun | 11/17/81 |
| Gibson bass guitar with case | 11/19/81 |
| Gibson bass guitar | 12/7/81 |

f. That the Defendant is engaged in the operation of a pawnbroker's business as defined in Section 69–201 Neb.Rev. Stat. (1981 Supp.).

A central issue to be resolved is whether Ronald Evans retained an interest in the property which he pawned during the four-month period immediately following the transaction. Plaintiff takes the position that he did and defendant disputes this, alleging that the transaction was a sale and that title vested in the defendant subject only to the plaintiff's right of repurchase.

Section 69–209 of the Nebraska Statutes (as amended) effective August 30, 1981, provides:

"It shall be unlawful for any pawnbroker to sell any goods purchased or received as described in § 69–201, during the period of four months from the date of purchasing or receiving such goods."

The foregoing statutory prohibition together with the testimony before me that clearly suggests that the plaintiff had the right to obtain possession of the goods pawned during the four-month period by paying the money advanced to him plus interest is sufficient for me to conclude that the plaintiff retained a sufficient legal or equitable interest in the goods pawned to make them part of the estate created by 11 U.S.C. § 541 of the Bankruptcy Code. In other words, irrespective of title, the debtor

retained a sufficient interest in them to bring them subject to the automatic stay of § 362.

A disputed fact is whether the defendant had notice of the filing of the petition for relief under Chapter 13. The evidence submitted by the defendant would suggest that it had no actual knowledge. I find that issue to be irrelevant to our inquiry because 11 U.S.C. § 362(a), which becomes operative immediately upon the filing of the petition, applies to "all entitles" and is not conditioned upon actual knowledge.

In general, I find the transaction between the parties to be one in which the plaintiff, during the four months immediately following the pawn, had the right to reacquire possession of the items by paying to the defendant the amount advanced by the defendant plus the monthly interest rate which accrued each month during the four-month period. If the defendant during the four-month period paid one month's interest, that payment would extend the four-month period by one month. I reject the suggestion in the evidence offered by plaintiff that a payment during the four-month period of one month's interest would automatically extend the reacquisition period by an additional four months.

Given the foregoing, it would appear that as of October 4, 1981, the plaintiff, having made only three monthly interest payments and the October 4, 1981, date being prior to the filing of the Chapter 13 petition, lost the right to reacquire possession of the Gibson bass guitar and case which he pawned on March 4, 1981.

As to the television, gun and Gibson bass guitar pawned on March 9, 1981, the plaintiff had made three payments, all within the period of time necessary to extend the reacquisition period by three months. That reacquisition period thus was extended to October 9, 1981, two days after the filing of the Chapter 13 petition. Given that, the defendant was stayed from dealing adversely to the plaintiff's rights in those items.

Similarly, the camera and lenses and other equipment which were pawned on June 8, 1981, had a reacquisition period of four months from that date or October 8, 1981. This was one day after the filing of the Chapter 13 petition, and any acts by the defendant which might be adverse to plaintiff's interest were stayed by the provisions of § 362.

Having concluded that the defendant acted improperly with regard to the items pawned March 9, 1981, and June 8, 1981, but not with regard to the items pawned March 4, 1981, I turn attention to the issue of the plaintiff's damages. The evidence offered as to the value of the items of which the defendant disposed is less than satisfactory. In addition, the plaintiff's damages would be diminished by the amount the plaintiff would necessarily have to pay to the defendant to reacquire possession of the items. That would include not only the amount advanced by the defendant to the plaintiff but interest which had accrued. Nevertheless, the evidence is sufficient for me to conclude that the value of the items improperly sold by the defendant was in excess of the amount of the reacquisition cost to the plaintiff plus interest. I fix that amount at $300.00.

In view of the premise of this litigation, which is violation of the automatic stay of 11 U.S.C. § 362, (See *In re Aaron Ferer & Sons Co.*, 5 B.C.D. 324 (D.Neb.1977)), and given the nature of this case, I fix the amount of the attorney's fees to be $500.00.

A separate judgment is entered in accordance with the foregoing.