**In re Linda Carswell SMITH, Debtor.**

**Bankruptcy No. 86–07066.**

United States Bankruptcy Court, N.D. Florida, Tallahassee Division.

Dec. 3, 1986.

Robert E. Gibson, Tallahassee, Fla., Trustee.

Winifred L. Jernigan, Tallahassee, Fla., for debtor.

## OPINION

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

This is a Chapter 7 case in which the trustee is seeking a determination as to the extent of the estate's interest in a 1972 Volkswagon automobile titled in the debtor's name. Also at issue is a lien on the vehicle in favor of Grace and Vernon Thomsen, the debtor's parents.

The facts in this case are not disputed. The debtor is a single mother with two daughters. When the youngest daughter reached the age of sixteen (16), her grandparents, the Thomsens, decided to purchase an automobile for her use. The 1972 Volkswagon was purchased by the Thomsens in March of 1984, with the title taken in their names. Subsequently, they learned that for them to have title to the automobile with a teenage driver of the vehicle, the cost of insurance would be very high. However, if title to the automobile were in the debtor's name, it could be insured for much less under the debtor's "family policy" which already covered a teenaged driver. Title to the vehicle was thus transferred from the Thomsens to their daughter, the debtor, with the understanding that it would be the teenaged daughter's automobile and that she would get the title when she reached the age of majority.

The Thomsens paid the insurance premiums on the automobile and paid for its maintenance and repair. The debtor paid none of the expenses relating to the vehicle.

In August, 1985, the Thomsens loaned the debtor $1,600.00 for which the debtor gave them a promissory note secured by a lien on the 1972 Volkswagon. However, no action was taken to perfect such lien pursuant to § 319.27 F.S., by recording same with the Department of Highway Safety and Motor Vehicles until March of 1986. The petition in this case was filed on April 8, 1986.

The debtor's schedules, as originally filed, show the automobile as an asset encumbered by the lien in favor of the Thomsens. The schedules were subsequently amended to indicate that the vehicle was held by the debtor "in constructive trust" for her daughter. The amendment contained a brief recitation of some of the pertinent facts previously set forth in this discussion. Thereafter, the trustee filed a motion asking that this Court determine whether or not the automobile is property of the estate and if so, whether the lien is voidable as a preferential transfer under § 547 of the Bankruptcy Code.

If the vehicle is property of the estate and not held in trust for another, then there is no question with regard to the voidability of the lien. The perfection of the lien constitutes a transfer of an interest in the property for purposes of § 547, and such transfer was made within ninety (90) days prior to the petition in this case. The transfer was on account of an antecedent debt incurred over six months prior to the transfer. None of the exceptions under § 547(e) are applicable, thus all of the elements for avoidance of the transfer are present.

The critical question is that of the nature of the debtor's, and thus the estate's interest in the vehicle. If the debtor owned the vehicle only as a trustee, then the interest of the estate is similarly limited pursuant to § 541(d) of the Bankruptcy Code.

The trust relationship claimed by the debtor has been characterized as a constructive trust and as a resulting trust, even though no trust relationship was claimed at all until the trustee in bankruptcy notified the Thomsens that he would have to take steps to avoid their lien. However, in consideration of the interests of the debtor's teenaged daughter, the Court will not be bound by the shortcomings of the debtor and her attorney in protecting those interests.

Based on the facts as presented and stipulated to, this is neither a constructive trust nor a resulting trust, but it is a simple unwritten express trust.

Constructive and resulting trusts arise by operation of law out of certain circumstances. A constructive trust is "constructed by equity to prevent an unjust enrichment of one person as the result of fraud, undue influence, abuse of confidence, or mistake in the transaction involved." 56 Fla.Jur.2nd, *Trusts* § 86. A resulting trust arises when one party pays consideration for purchase of property but title is taken in the name of another. *Socarras v. Yaque*, 452 So.2d 992 (Fla. 3rd DCA 1984). A resulting trust arises at the instant that the legal title vests, and the beneficiary must have paid the purchase price or bound himself to pay it. Id.

In the case *sub judice*, the Thomsens purchased the automobile and took title in their own names. Thereafter, they made a gift of the automobile to their granddaughter, putting title in their daughter's name since the granddaughter was a minor. It is clear that the intent of the parties was for the debtor to hold the title to the vehicle in trust for her daughter, the beneficial owner of the vehicle. Even though the parties may not have recognized that they were creating a trust, all of the necessary elements required for the creation of a valid express trust are present. These requirements include the following:

(1) a person competent to create the trust; (2) indication of intention to create the trust; (3) property to which the trust may and does pertain; (4) a definite and complete present disposition of that property; (5) a provision, at least by implication, for the office of trustee, although the nomination of a trustee is not essential; and (6) a person capable of holding the equitable interest in the property as beneficiary.

56 Fla.Jur.2nd *Trusts* § 6.

The Thomsens were competent to create a trust; the evidence shows that they had the intent to create a trust; the vehicle comprised the property to which the trust pertained; the property was completely disposed of by the Thomsens; there was an implied provision in the disposition for a trustee and, the granddaughter was a per-

son capable of holding the equitable interest in the automobile as a beneficiary.

That the formal words creating a trust were never used is of no moment. Technical or particular forms of words or phrases are not essential to the creation of a trust under Florida law. *Reid v. Barry*, 93 Fla. 849, 112 So. 846 (Fla.1927). Nor is a written instrument required for the creation of a trust in which the res of the trust is personal property. *Bay Biscayne Co. v. Baile*, 73 Fla. 1120, 75 So. 860 (Fla.1917).

The Court is satisfied that the debtor held only bare legal title to the 1972 Volkswagon automobile, as trustee for her daughter. Accordingly, any interest that the trustee has in the vehicle is subject to the beneficial interests of the debtor's daughter.

A separate Order will be entered in accordance with the foregoing.