558 So.2d 1093 (1990)
MIKE HENRY, INC., etc., Appellant/Cross-Appellee,
v.
Kevin DONALDSON, et Ux., Appellees/Cross-Appellants.
No. 88-2504.
District Court of Appeal of Florida, Fifth District.
March 29, 1990.
*1094 Jerry H. Trachtman of Trachtman and Henderson, P.A., Melbourne, for appellant/cross-appellee.
William R. Northcutt of Northcutt & Heim, P.A., Indian Harbour Beach and Edna L. Caruso, West Palm Beach, for appellees/cross-appellants.

ON MOTION FOR REHEARING
GOSHORN, Judge.
We grant appellee's amended motion for rehearing for the purpose of withdrawing our previous opinion filed January 11, 1990 and substitute the following opinion in lieu thereof.
The appellant, Mike Henry, Inc. (Henry) and appellees Kevin and Elizabeth Donaldson (the Donaldsons) entered into a contract for Henry to remodel the Donaldsons' property. When Henry began removing parts of the house which were no longer needed and preparing the remaining parts for modification, he found water damage, loose anchor bolts, substandard concrete blocks, and an uneven floor slab. Henry advised Mr. Donaldson that additional work was required, which Mr. Donaldson approved. The evidence is conflicting regarding the cost, if any, of the changes. When a dispute arose concerning the amount of the final bill, Henry filed a complaint to foreclose a mechanics lien, to recover damages for breach of contract and/or recover damages based upon quantum meruit. The Donaldsons counterclaimed, alleging that Henry had filed a fraudulent claim of lien and slandered the title to their real property. The parties then stipulated that the mechanic and fraudulent lien issues would be tried by the court and the remaining issues tried by jury.
After receiving the evidence the jury returned a special interrogatory verdict which found:
1. Did the Plaintiff, MIKE HENRY, INC., and the Defendants, KEVIN DONALDSON and ELIZABETH DONALDSON, enter into a written contract?
Answer: Yes.
2. Did the Plaintiff, MIKE HENRY, INC., and the Defendants, KEVIN and ELIZABETH DONALDSON, enter into oral modifications of their original contract agreement?
Answer: Yes.
3. Did the Defendants, KEVIN and ELIZABETH DONALDSON, breach the *1095 contract agreements by failing to pay money owed to MIKE HENRY, INC., for services rendered?
Answer: No.
4. What is the amount of money damages owed to the Plaintiff, MIKE HENRY, INC., by the Defendants, KEVIN and ELIZABETH DONALDSON, for breach of contract?
Answer: N/A
5. Did the Plaintiff, MIKE HENRY, INC., furnish services and materials to the Defendants, KEVIN and ELIZABETH DONALDSON, under circumstances where they should have expected to pay for it?
Answer: Yes.
6. What is the reasonable compensation to which the Plaintiff, MIKE HENRY, INC., is entitled for such services and materials furnished to the Defendants, KEVIN and ELIZABETH DONALDSON, which remain unpaid?
Answer: $10,312.00.
7. Did the Plaintiff, MIKE HENRY, INC., slander title of Defendants, KEVIN and ELIZABETH DONALDSON?
Answer: Yes.
8. What is the monetary loss realized by the Defendants, KEVIN and ELIZABETH DONALDSON, as a result of slander of title?
Answer: $13,600.00.
9. Did the Plaintiff, MIKE HENRY, INC., slander the title of Defendants KEVIN and ELIZABETH DONALDSON with actual malice?
Answer: No.
10. What is the amount of punitive damages the Plaintiff, MIKE HENRY, INC., should pay the Defendants, KEVIN and ELIZABETH DONALDSON?
Answer: N/A
Upon receiving the jury verdict the court denied Henry's claim for a mechanic's lien, denied the Donaldsons' claim for a fraudulent lien and entered final judgment based upon the verdict. Henry filed a motion for new trial alleging, inter alia, that the jury failed to both follow the instructions of the court and render a verdict with consistent findings of fact.
It is clear from the evidence that the services and materials referred to in paragraphs 5 and 6 of the verdict were the subject of the oral modifications found by the jury in paragraph 2 of the same verdict. Thus, the verdict rendered by the jury found that the Donaldsons had not breached the contract by failing to pay money owed Henry but nonetheless went on to find that the Donaldsons owed Henry $10,312 for services and material that according to the evidence was furnished pursuant to the modified contract. These findings are fatally inconsistent under any view of the evidence. Clearly, either the jury misunderstood the evidence or the instructions or both, and the court should have granted the motion for new trial. Tampa Waterworks Co. v. Mugge, 60 Fla. 263, 53 So. 943 (1910); Merrill Lynch v. Anderson, 501 So.2d 635 (Fla. 1st DCA 1986), review denied, 511 So.2d 297 (Fla. 1987); Jordan v. Reynolds, 154 So.2d 200 (Fla. 3d DCA 1963). In addition, because the rulings by the trial judge on the claims tried non-jury are inherently intertwined with the inconsistent findings of the jury, the judge should have granted both parties' timely motions for rehearing.
The order of this court dated January 16, 1990 granting appellant's motion for attorney's fees is vacated. Both parties' motions for attorney's fees are denied without prejudice and may be renewed at the litigation's conclusion.
REVERSED and REMANDED for new trial on all issues.
DANIEL, C.J., concurs.
HARRIS, J., dissents with opinion.
HARRIS, Judge, dissenting.
For the reasons stated in the original majority opinion, I respectfully dissent. The error in this case was not an inconsistent verdict by the jury, but the trial judge's decision to permit the case to go to the jury at all. The judge by stipulation was to try the mechanic's lien and fraudulent lien counts. Once the court determined that the lien was not fraudulent then he should *1096 have permitted the foreclosure of the lien. Also the finding that the lien was not fraudulent would foreclose the Donaldson slander of title claim. The majority opinion does not explain why the lien should not have been foreclosed by the judge except that his non-jury rulings were inherently intertwined with the inconsistent findings of the jury.
The only inconsistency in the jury verdict was in finding money was owed to Mike Henry, Inc. for services and materials provided to the Donaldsons and yet determining that the lien filed to secure such claim constituted slander of title. Clearly the jury was under the mistaken impression that there had to be an express contract to support a claim of lien. This inconsistency, however, goes only to the slander of title claim, not to the fraudulent lien or foreclosure of lien claims tried by the judge.
I disagree with the majority that the evidence shows that the damages awarded for quantum meruit were for services rendered pursuant to the oral modification found to exist by the jury. This is denied both by the verdict and the record. The Donaldsons conceded certain oral modifications for which they agreed to pay: extra electrical, the building permit, ironing board, bookshelf by fireplace, extra dirt, appliances, carpet, air conditioner and shutters. This explains the jury's verdict that there was an oral modification but no breach because the Donaldsons agreed to pay for them; however, as to the cost of the new wall and slab work, although the Donaldsons approved the additional work, they denied agreeing to pay for it because of the lump sum payment provision of the contract.[1] The jury obviously found the Donaldsons' position to be unjust, but since there was no express agreement, the jury believed there was no contract. The jury therefore awarded quantum meruit damages for these services. There is no inconsistency in the finding that the Donaldsons owe for services and materials which improved their home.
Since the trial judge erred in refusing to foreclose on the mechanic's lien, his decision should be reversed with directions to permit foreclosure. A new jury trial is not required.
I would DENY the motion for rehearing.
NOTES
[1] Donaldsons' attorney argued in closing argument, "This case is not about you got to pay me for whatever I do; that's not what its about. This case is about what did we agree to, and that's what I owe you  knowingly agree to". Also, "The idea is they are entitled to what it is they agreed to, not what he put in there." (T pp. 793-795).