602 So.2d 670 (1992)
CHABAD HOUSE-LUBAVITCH OF PALM BEACH COUNTY, INC., Appellant,
v.
Vannoy BANKS and Christian Banks, et ux., Appellees.
No. 91-1438.
District Court of Appeal of Florida, Fourth District.
July 15, 1992.
*671 Alan Miller of Miller & Miller, West Palm Beach, and Freeman W. Barner, Jr., of Cromwell, Pfaffenberger, Dahlmeier, Barner & Griffin, North Palm Beach, for appellant.
Eric Hewko, West Palm Beach, and Russell S. Bohn of Edna L. Carusa, P.A., West Palm Beach, for appellees.
WALDEN, JAMES H., Senior Judge:
Appellant Chabad House (Buyer) and appellees Banks (Seller) entered into a contract for the purchase of real property located in West Palm Beach, Florida. The property contained approximately two acres, including a home and a lake, or pond, which measured four-tenths of an acre in size. The primary focus of this litigation was paragraph 4 of the of the addendum to the contract, which provided as follows:
Seller shall, at least three (3) days prior to closing, fill in and compact the filled soil of the area now acting as a pond. Such work shall be in accordance with any applicable standard for filling the area. The soil compaction shall be suitable to support a structure having a load bearing of 2,500 pounds per square foot and may be certified at Buyer's cost.
Subsequent to the signing of the contract, appellees proceeded to have the lake filled.
The fill used by appellees is the lightning rod of this litigation. Appellees filled the lake with construction debris, and they claim that they obtained an appropriate permit to fill the lake in such manner. According to appellees, appellant's sole reason for wanting the lake filled was because it was a hazard to children. Appellees also allege that the parties interpreted the term "structure" in paragraph 4 of the addendum to mean an open area, such as a playground area or a parking lot, not a one or two-story building as alleged by appellant. After a series of correspondence between the parties regarding the method of filling the lake, this litigation ensued.
The jury returned a verdict in favor of appellees, finding that the parties had entered into a valid contract and that there was either a unilateral mistake or a mutual mistake established so as to cancel or revoke the contract. The verdict further found that appellant breached a material term of the contract, and it awarded appellees damages in the amount of $17,000. The trial court, after denying various post-trial motions, entered final judgment in favor of appellees in accordance with the verdict. Appellant appeals this final judgment. Appellant's first two points on appeal merit discussion, and we reverse and remand for a new trial as to these points.
Appellant first argues that the jury verdict and final judgment entered thereon should be set aside due to a fundamental inconsistency in the verdict. We agree. The verdict form returned by the jury provided:
1. Did the Chabad House and the Banks enter into a valid contract for the purchase *672 and sale of the real property involved in this case?
 YES X NO ____
If YES, go to question 2; if NO, you should go no further except to date and sign your verdict.
2. Was there a mistake established (either mutual or unilateral), such as to cancel or revoke the contract?
 YES X NO ____
Please answer Questions 3 and 4.
3. Did the Banks breach any material term of the contract with the Chabad House, which material term had not been waived by the Chabad House?
 YES ____ NO X 
Total Damages, if any, to Chabad House $ ____ 0 ____.
4. Did the Chabad House breach any material term of the contract with the Banks, which material term had not been waived by the Banks?
 YES X NO ____
Total Damages, if any, to the Banks $ ____ 17,000.00 ____.
This verdict is inconsistent, and "the intent of the jury cannot be determined" from such verdict. Spitz v. Prudential-Bache Securities, Inc., 549 So.2d 777 (Fla. 4th DCA 1989); see also Mike Henry, Inc. v. Donaldson, 558 So.2d 1093 (Fla. 5th DCA 1990); Cloutier v. Cloutier, 418 So.2d 1233 (Fla. 5th DCA 1982). We also note Lindquist v. Covert, 279 So.2d 44 (Fla. 4th DCA 1973), a case in which this court held that, where an inconsistency in the verdict was not called to the trial court's attention until motions for new trial were filed, any error of the trial court relating to the receipt of inconsistent verdicts is not preserved for review. This case is not dispositive of the instant issue in light of the fact that (1) appellant indicated its concern regarding the potential for an inconsistent verdict during the charge conference, and (2) the trial court initially recognized that the verdict was improper.
We also reverse based upon the trial court's error in submitting equitable issues to the jury. The instant case presented both legal and equitable claims, including breach of contract, damages, specific performance, and rescission. Appellant requested a jury trial on the issue of damages, whereas appellees demanded no jury trial on any of their claims. The record indicates that appellant was concerned about equitable issues being determined by the jury. The record further indicates that the jury did, in fact, decide an equitable issue, i.e., whether the contract was cancelled due to mistake, which is "traditionally within the province of the equity court to determine." Cooley v. Cody, 377 So.2d 796 (Fla. 1st DCA 1979).
We briefly note appellant's other points on appeal only so as to inform the parties not to repeat, on remand, the errors set forth in these points. The trial court erred in admitting into evidence the site plan because it was a direct product of mediation between the parties, and appellant objected to its introduction. Section 44.102(3), Fla. Stat. (Supp. 1990). Furthermore, the amount awarded to appellees as damages was erroneous in that the evidence from which said award was based was "sketchy, vague, and inconclusive," and not legally sufficient to support a damages award of $17,000. George Hunt, Inc. v. Dorsey Young Construction, Inc., 385 So.2d 732 (Fla. 4th DCA 1980). We also find that the trial court erred in admitting the testimony of a Mr. Peters regarding the county's approval of the lake fill. Said testimony was inadmissible hearsay, which appellant initially objected to and which was not properly received elsewhere, and we find it to have been harmful in light of the fact that the applicable standard for filling the lake was a material condition of addendum paragraph 4 at issue in this case.
REVERSED AND REMANDED with directions.
LETTS, J., and JAMES E. ALDERMAN, Senior Justice, concur.