**In re David TUCKER, Debtor.**

**David TUCKER, Plaintiff,**

v.

**JIM'S PAWN & JEWELRY, Defendant.**

**Bankruptcy No. 94–00480–BGC–13.**
**Adv. No. 94–00422.**

United States Bankruptcy Court,
N.D. Alabama,
Southern Division.

Feb. 23, 1995.

Debra Bennett Winston, Birmingham, AL, for plaintiff-debtor.

Harold Ackerman, Birmingham, AL, for defendant.

## MEMORANDUM OPINION ON COMPLAINT FOR TURNOVER OF AUTOMOBILE

BENJAMIN COHEN, Bankruptcy Judge.

This matter came before the Court on a Complaint filed by the Plaintiff on November 22, 1994. After notice, a trial was held on January 9, 1995. David Tucker, the Debtor, Debra Bennett Winston, the attorney for the Debtor, Shea Maze, President of the Defendant, and Harold Ackerman, the attorney for the Defendant, appeared. The matter was submitted to the Court on arguments of counsel, the testimony of the Debtor, his son, David Tucker, Jr., James Stidham, a representative of the Defendant, and Ms. Maze, and on documentary evidence submitted by the parties.

### Contentions

The Debtor contends that the Defendant wrongfully sold the title to the automobile his son pledged as security for the loan. The Defendant contends that it was entitled to sell the title and the automobile pursuant to the Alabama Pawnshop Act, Ala.Code 1975, § 5-19A-1 through § 5-19A-20. The Debtor's son pledged a car to the Defendant in exchange for a loan. The son gave the Defendant the title to the car as evidence of the car. When the son defaulted on the loan, the Defendant sold the car title to a third party who retrieved the car from the son's possession.

### Findings of Fact

The events spawning this matter were complicated by, and strongly influenced by, the fact that both the Debtor and the Debtor's son are named David Tucker. The Debtor is David Tucker, **Sr.** His son is David Tucker, **Jr.** The automobile subject to the complaint is titled in the generic name of David Tucker. The Debtor maintains that he was the owner of the automobile. The Debtor's son, not the Debtor, pledged the automobile as security for a loan.

The automobile is a 1984 Nissan 300 ZX automobile which the Debtor purchased from Budget Auto Sales approximately three years ago. Although he purchased the car for his use, the Debtor allowed his son to use the car. After about two and one half years, the Debtor completed payment of the car and received title. The certificate of title lists the owner as David Tucker. The Debtor purchased a second car about two years ago. After that purchase he allowed his son full-time access to the Nissan.

On August 27, 1993 the Debtor's son pledged the car to the Defendant. Both the Debtor and his son testified that the Debtor gave his son permission to pledge the car for a loan.[1] Both also testified that the Debtor did not know that his son had taken the car title from his father's house and that the Debtor did not know that the pledge had been made.

When the pledge was made, the Debtor's son told the Defendant that he was David Tucker, **Jr.**, but did not tell the Defendant that he was not the David Tucker listed on the certificate of title. The Defendant created an account in the name of David Tucker, **Jr.** Defendant's exhibit # 2, a copy of the Defendant's record of the pledge, shows the date pledged as August 27, 1993, an account in the name of David Tucker, **Jr.**, the amount advanced as $580.00, the amount due as $696.00, and the due date as November 27, 1993. A renewal date of November 3, 1993 is shown but no ending date is given. The exhibit, signed by the Debtor's son includes the phrase, "the pledgor has the right to sell or pawn these items."

The Debtor filed his bankruptcy petition on January 24, 1994, some five months after the pledge was made. He did not of course address the pledge in his bankruptcy petition because he did not know that the pledge had been made.

The president of the Defendant testified that the last payment made on the account was a check dated January 24, 1994, and that efforts were made to collect the balance of the debt. The Debtor's son failed to abide by the pledge agreement and defaulted on the loan. Because the car title was not

1. Permitting the son to pledge the car satisfies § 5-19A-5(a), Code of Ala.1975, which reads in part, "The pledgor or seller shall sign a statement verifying that the pledgor or seller is the rightful owner of the goods or is entitled to sell or pledge the goods...."

redeemed within 30 days following the originally fixed maturity date, pursuant to § 5–19A–6, Code of Ala.1975, title to the car passed to the defendant. On November 16, 1994, the Defendant sold the car title to a third party who, on November 17, 1994, picked up the Debtor's car. The adversary proceeding before this Court was filed on November 22, 1994.

The facts demonstrate that the Defendant had no knowledge of the Debtor's bankruptcy filing. After the car was repossessed, calls were made to the Defendant advising that a bankruptcy had been filed, but those calls were made after the Defendant had sold the title to the automobile and after the third party had picked up the car. The parties disagree about the content of these conversations and disagree about what promises and agreements were made at that time; however, the Court does not consider those facts pertinent to the decision in this case.

## Issues

The general issue in cases involving the pawning of car titles, especially where the pawnshop completes the transaction of selling the car title during the bankruptcy, is whether the car, the car title, or both are property of the bankruptcy estate. This question of course invokes many other issues; however, the facts of this case distinguish it from all others that this Court has reviewed, and this Court finds that there is no need to consider the issues considered by those other courts.[2] The equitable issue here is whether the Court should require the return of the Debtor's automobile, or require an equivalent payment, where the Defendant, in arms length transactions, "purchased" that automobile's title from the Debtor's son and sold it to a third party, while the Defendant had no knowledge of the Debtor's bankruptcy or the Debtor's claimed ownership of the automobile or title. The dispositive legal issue is whether the automobile title, or the automobile, is property of this estate.

## Conclusions of Law

Although the Debtor retained legal title to his automobile before his son pledged it to the Defendant, the Debtor not only gave the car to his son for his son's sole use, but also gave his son the permission to pledge the car for a loan. The Defendant did not drive the pledged car. The Debtor's son exercised both physical and legal control over the car in his daily activities and his pledging of the car for a loan. He did not tell the Defendant that his father "owned" the car or that he was pledging the car by permission only. Whether these actions could be characterized as a gift of the car to his son, or some other transfer of ownership, this Court is not willing to penalize the Defendant and its third party purchaser because the Debtor and his son did not communicate their intentions. Pledging a car title to a pawnbroker is a serious matter with legal consequences. Maybe neither the Debtor nor his son considered those consequences when they agreed that the car could be pledged.[3]

The Defendant did not have knowledge of the Debtor's bankruptcy. The Debtor's son's actions represented to the Defendant that the son owned the car. The Defendant never had contact with the Debtor and the only account the Defendant created in connection with this automobile was in the name of David Tucker, Jr.

The actions of the Debtor and his son convince this Court that both of them considered the Debtor's son as the owner of the automobile and consequently, the automobile could not be considered an asset of this estate. The title to the car, in turn, also

2. *In re Dunlap,* 158 B.R. 724 (M.D.Tenn.1993) (whether a statutory pawn redemption period may be extended during a bankruptcy filing); *see also, In re Jackson,* 133 B.R. 541 (Bankr. W.D.Okl.1991); *In re Odom,* No. 93–07819 (Bankr.N.D.Ala.1994) (whether a violation of the automatic stay occurs where title passes to the pawnshop under state law but the pawnshop, with knowledge of the bankruptcy, retrieves a car from the debtor's possession after the bankruptcy is filed); *Evans v. Mid-City Jewelry, Inc.,* 22 B.R. 608 (D.Neb.1982) (whether a debtor retains sufficient legal or equitable interests in pawned goods to subject those goods to the automatic stay).

3. The Supreme Court of Alabama held that car titles may be pledged to pawnbrokers for loans even where the pledgor retains physical possession of the automobile. *Floyd v. Title Exchange and Pawn of Anniston, Inc.,* 620 So.2d 576 (Ala. 1993).

could not be considered an asset of this estate. Section 541(d) of the Bankruptcy Code reads:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

In a case similar to the instant one, the Bankruptcy Court for the Northern District of Florida held that under section 541(d) where title to an automobile was transferred to the debtor for the benefit of the debtor's daughter, and where the debtor held only bare legal title to the car, that the car was not property of the estate and that any other interest in the car was subject to the daughter's beneficial interest. *In re Smith,* 73 B.R. 211 (Bankr.N.D.Fla.1986).[4]

## Conclusion

This Court finds that pursuant to section 541(d) of the Bankruptcy Code, neither the Debtor's car nor the car title are property of the estate and that the transfer of title to the car from the Debtor's son to the Defendant and then to a third party purchaser were appropriate transfers under the Alabama Pawnshop Act, Ala.Code 1975, § 5–19A–1 through § 5–19A–20, and that the Debtor's Complaint to Recover Money or Property is due to be denied.[5]

4. The Court of Appeals for the Eleventh Circuit has not ruled on the issue before this Court.

5. Because the Debtor retained no equitable interest in either the car or the car title, creating an exclusion from the property of the estate pursuant to section 541(d), the Debtor's selling of the car title and the third party's taking of the car does not create a violation of the automatic stay. Whether such actions would be violations of the automatic stay had the Debtor retained full interest in the car is not an issue before this Court.