665 So.2d 1080 (1995)
Judith B. ESPINO, Appellant,
v.
Oswaldo ANEZ, Appellee.
No. 94-3044.
District Court of Appeal of Florida, Third District.
December 13, 1995.
Rehearing Denied January 24, 1996.
*1081 Dale A. Heckerling, Miami, for appellant.
Peter Ticktin, Boca Raton, and Caron Speas, Miami Beach, for appellee.
Before BARKDULL, JORGENSON and LEVY, JJ.
JORGENSON, Judge.
Judith Espino appeals from a final judgment, entered pursuant to a jury verdict, imposing a resulting trust upon funds realized from the sale of real property. We affirm in part, and reverse in part.
Oswaldo Anez is the son-in-law of Judith Espino and the widower of Maria Elena Espino Anez, Judith Espino's daughter, who died in 1992. In August of 1988, Maria Elena entered into a contract to purchase a house on Key Biscayne. Maria Elena and Oswaldo were not able to secure financing for a mortgage on the property, so Maria Elena assigned the sales contract to her mother, who took legal title to the property. Judith Espino also executed the mortgage on the property. The purchase price of the home was $230,000.00. The down payment necessary to close on the property was $53,000.00. At the closing, Oswaldo and Maria Elena orally agreed to make the mortgage payments.
It is undisputed that Oswaldo and Maria Elena made only sixteen of the sixty mortgage payments. The vast majority of the mortgage payments, ranging from $1,318.20 per month to over $2,000.00 per month on an adjustable rate mortgage, were made by Judith Espino.
Although Maria Elena worked as a realtor before she became ill with cancer, Oswaldo had a sketchy employment history. Between 1986 and 1992, he had virtually no income. It is clear from the record that throughout Maria Elena and Oswaldo's marriage, Judith Espino supported them and their two children, who are now adults.
After Maria Elena's death, the relationship between Judith Espino and Oswaldo Anez deteriorated to the point that Judith Espino demanded that he vacate the house on Key Biscayne. Oswaldo Anez then sued Judith Espino, seeking a declaration that he was entitled to a resulting trust on the property. By special interrogatory verdict, the jury determined that: 1) Oswaldo Anez had provided the purchase money necessary to close on the property; 2) Judith Espino, Maria Elena Anez, and Oswaldo Anez intended at the time the house was purchased that it was to be the property of Oswaldo and Maria Elena; 3) Oswaldo and Maria Elena were not obligated to Judith Espino to pay the mortgage on the house; 4) the parties intended that 100% of the property was intended for Oswaldo and Maria Elena; and 5) Judith Espino did not loan Oswaldo Anez any money.[1] The trial court entered final judgment for Oswaldo Espino in accordance with the verdict; Judith Espino appealed.
We must affirm that portion of the final judgment based upon the jury's determination of disputed issues of fact. "[I]f there is any competent evidence to support a verdict, that verdict must be sustained regardless of the district court's opinion as to its appropriateness." Hirsch v. Mount Sinai Medical Center, Inc., 458 So.2d 6, 7 (Fla. 3d *1082 DCA 1984). Likewise, an appellate court may not reweigh the evidence and the credibility of the witnesses. Froman v. Froman, 458 So.2d 833 (Fla. 3d DCA 1984). We will, therefore, not disturb the jury's findings that Oswaldo Anez provided the down payment for the property; that the parties intended at the time of closing that the property was to belong to Oswaldo and Maria Elena Anez; that Oswaldo and Maria Anez were not obligated to pay the mortgage to Judith Espino, and that Judith Espino did not loan Oswaldo Anez any money. The record is replete with conflicting evidence on all of these points; the jury's findings are beyond our appellate reach.
However, as a matter of law, the trial court erred in allowing the jury to determine the equitable issue of the percentage of property on which to impose an equitable trust in favor of Oswaldo Anez. See Chabad House-Lubavitch of Palm Beach County, Inc. v. Banks, 602 So.2d 670, 672 (Fla. 4th DCA 1992) (trial court erred in submitting equitable issue of law  whether contract was cancelled due to mistake  to jury to determine). The jury's calculation of the percentage of the property to which Oswaldo Anez was entitled also amounted to legal error. For a resulting trust to arise, "the alleged beneficiary must have paid the purchase price or bound himself by an absolute obligation to pay it." Socarras v. Yaque, 452 So.2d 992, 994 (Fla. 3d DCA 1984), rev. denied, 461 So.2d 116 (Fla. 1985). Furthermore, a resulting trust arises, "if at all, at the instant legal title vests... ." Id. In this case, the purchase price of the property was $230,000.00. When legal title vested in Judith Espino, Oswaldo had paid only the down payment, which amounted to a small fraction of the total purchase price. The jury found that neither Oswaldo nor Maria Elena became obligated to pay the remainder of the purchase price, which was supplied by Judith Espino through the mortgage funds. As a matter of law, and giving full weight to the factual findings made by the jury, Oswaldo Anez is entitled to a resulting trust only on that portion of the property for which he actually paid, or became obligated to pay.[2]See Hegel v. Hegel, 248 So.2d 212 (Fla. 3d DCA 1971) (wife entitled to resulting trust in bank stock only to the extent of the consideration paid by her, namely the down payment, for the purchase of the property). Under this analysis, Oswaldo Anez is entitled to share in the proceeds of the sale of the property in proportion to his contribution to the purchase price in 1988.[3] Pursuant to this court's decision in Socarras, the mortgage payments made by Oswaldo and Maria Elena do not count towards determining the portion of the purchase price that they paid. The mortgage payments were made after legal title vested in Judith Espino, and, as the jury specifically found, Oswaldo and Maria Elena were not obligated to make those mortgage payments.
In sum, we affirm that portion of the final judgment declaring a resulting trust in favor of Oswaldo Anez, reverse that portion of the final judgment that imposes that trust on 100% of the sales proceeds, and remand for further proceedings consistent with this opinion.
NOTES
[1] Although the action to declare a resulting trust was a proceeding in equity, Judith Espino filed a counterclaim for repayment of loans to Oswaldo Anez. The factual matters relating to both actions were thus submitted to the jury for determination.
[2] In reaching this holding, we do not disturb the jury's factual finding that Judith Espino did not loan Oswaldo Anez any money.
[3] As to the cross appeal, the trial court, on remand, shall redetermine the percentage of insurance proceeds held in escrow to which Oswaldo Anez is entitled in a manner consistent with this opinion.