811 So.2d 777 (2002)
BEST MERIDIAN INSURANCE COMPANY, Appellant,
v.
Daniel TUATY, as Personal Representative of Estate of Moises Tuaty, Deceased, Appellee.
No. 3D01-1652.
District Court of Appeal of Florida, Third District.
March 13, 2002.
Armstrong & Mejer, P.A., and Alvaro L. Mejer, and Timothy J. Armstrong, for appellant.
Bales & Sommers, P.A. and Richard M. Bales, Jr.; Jeffrey P. Shapiro, for appellee.
Before GREEN, SHEVIN, and RAMIREZ, JJ.
GREEN, J.
Best Meridian Insurance Company ("Best Meridian") appeals from a final judgment in favor of Daniel Tuaty, the personal representative of the Estate of Moises Tuaty. We affirm.
*778 Daniel Tuaty, as personal representative of the Estate of Moises Tuaty, sued Best Meridian Insurance Company for breach of contract of a life insurance policy alleging that Best Meridian had failed to make a $500,000 life insurance benefit payment upon the death of its insured, Moises Tuaty. Best Meridian asserted an affirmative defense claiming that the policy had lapsed as a result of nonpayment of a premium. Tuaty replied that Best Meridian was estopped from claiming that the policy lapsed as a result of the insurance company's acceptance of a change of beneficiary request. The circuit court entered summary final judgment in favor of Tuaty, and Best Meridian appealed. This court found that there were disputed issues of material fact which precluded summary judgment, and therefore reversed and remanded for a trial on the merits. See Best Meridian Ins. Co. v. Tuaty, 752 So.2d 733 (Fla. 3d DCA 2000). ("Best Meridian I").
The evidence at trial showed that Best Meridian issued a life insurance policy, no. UL0013252, to Moises Tuaty, a resident of Bogota, Columbia. Moises Tuaty had arranged for premium payments on the policy to be paid by automatic bank debit procedure from an account at Mega Bank in Miami, Florida. Sometime after September 25, 1994, Moises Tuaty stopped paying his insurance premium. Best Meridian's policy gives an insured a grace period for the payment of premiums. The policy specifically provides that:
Grace Period
If the Cash Value is not enough to pay the Monthly Charge then due, the Grace Period will start. The policy will stay in force during the Grace Period, which is 61 days. If we do not receive enough premium to pay the Monthly Charge by the end of the Grace Period, the policy will lapse without value. We will mail notice to the Owner and any assignee of record of the amount of a premium that is required to continue the policy in force.
Best Meridian claimed that it mailed the required lapse notices to its insured. The policy also provides that:
Notice and Reports
All notice or reports we send will be deemed delivered to the persons entitled to notices or reports when we mail them to their last known address contained in our records.
Best Meridian had no actual proof that it had mailed the lapse notices to Moises Tuaty. Instead it provided evidence establishing its routine business practices in preparing and mailing said notices.
Tuaty countered with evidence tendered to show that the notices had not been mailed. He presented evidence that wheelbarrows of letters and envelopes were delivered to the Best Meridian receptionist for matching, insertion, and delivery to the mailroom. At the same time, the receptionist was also responsible for answering the telephones for the company and its subsidiaries. In addition, during the time that the lapse letter was claimed to have been sent to Moises Tuaty, Best Meridian had transferred the responsibility for preparing and mailing pending lapse and lapse letters from one of its subsidiaries to another.
Tuaty presented evidence showing that in March 1996, Moises Tuaty had submitted a change of beneficiary request form to Best Meridian, which was accepted by Best Meridian and confirmed in writing. Tuaty also presented evidence to show that the letters were never received. Specifically, the evidence showed that after Moises Tuaty's death in April 1996, Tuaty traveled to Bogota, Colombia, and obtained his father's records none of which turned up a lapse notice; and testimony from Moises Tuaty's insurance agent in Bogota that she never received a copy of the lapse *779 notice despite Best Meridian's routine practice of sending, by courier, a courtesy copy of these notices to the insured's agents.
Following a three-day trial, the jury found in favor of Tuaty. A judgment was entered against Best Meridian consisting of $407,047 in compensatory damages, $237,152.67 in prejudgment interest, $225,000 in attorney fees, and costs in the amount of $7,733.03. Best Meridian appeals.
Best Meridian argues, among other things, that the admission of Tuaty's and the insurance agent's testimony, regarding the non-receipt of the lapse notices and the change of beneficiary form, constituted prejudicial error. We disagree.
In Best Meridian I this court held that "the two sides have presented conflicting evidence on whether the notices were mailed." 752 So.2d at 736. This court held that Tuaty was entitled to contradict Best Meridian's "proof" of mailing "by arguing non-receipt as one of the multiple facts the personal representative relied on in opposition to Best Meridian's claim of mailing." Id. at 737. Thus, this court's prior opinion in Best Meridian I is the law of the case on the issue of the admissibility of the complained of evidence. See Florida Dept. of Transp. v. Juliano, 801 So.2d 101 (Fla.2001) (the doctrine of "law of the case" requires that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent proceedings). Moreover, Best Meridian objections here actually go to the weight of Tuaty's rebuttal evidence. The weighing of this evidence was clearly a function of the jury and will not be disturbed here on appeal. See Perez v. Marti, 770 So.2d 284 (Fla. 3d DCA 2000) (it is the trier of fact who must determine which evidence is reliable and which should be discounted); Espino v. Anez, 665 So.2d 1080 (Fla. 3d DCA 1995) (appellate court may not reweigh evidence and credibility of witnesses).
Best Meridian also argues that the trial court misapplied section 627.4615, Florida Statutes in calculating the amount of pre-judgment interest to be awarded to Tuaty. Again, we disagree.
This statute provides that:
Interest payable on death claim payments
When a policy provides for payment of its proceeds in a lump sum upon the death of the insured, the payment must include interest, at an annual rate equal to or greater than the Moody's Corporate Bond Yield Average-Monthly Average Corporate as of the day the claim was received, from the date the insurer receives written due proof of death of the insured. If the method of calculating such index is substantially changed from the method of calculation in use on January 1, 1993, the rate must not be less than 8 percent.
§ 627.4615, Fla. Stat. (1995). In interpreting this statute, the trial court determined that section 627.4615 limits Best Meridian's liability for pre-judgment interest to 8% only for that period prior to the filing of this action. Specifically, the trial court stated:
I'm going to give him 8% from the date you filed [the claim], up to the date of lawsuit, and then its going to be 10%, and then starting January 1st of this year, 11.
* * *
... I don't know if you need any explanation, if you want any explanation, but it strikes me that the statute should have some applicability up to the time they determined to pay and you filed the lawsuit and from that date forward, I *780 don't see why they should get the benefit. (emphasis added).
We find this interpretation to be reasonable because to hold otherwise would encourage life insurers to sit on claims while pre-judgment interest accrues at a rate considerably lower than would otherwise be applicable.
Finding no merit to Best Meridian's remaining arguments, we affirm.